No.   92-084

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

JERRY G. EILER,

     Petitioner and Appellant,

-vs-

STATE OF MONTANA,

     Respondent and Respondent.

FILED

JUL - 9 1992

_____ Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Jerry G. Eiler, Pro Se, Deer Lodge, Montana

     For Respondent:

     Hon. Marc Racicot, Attorney General, Helena, Montana
     Carol E. Schmidt, Assistant Attorney General,
     Helena, Montana
     David G. Rice, Hill County Attorney, Havre, Montana

Submitted on Briefs:   May 21, 1992

Decided:   July 9, 1992

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

The petitioner, Jerry G. Eiler, appeals the decision of the Twelfth Judicial District Court, Hill County, Montana, which denied his request for post-conviction relief. We affirm.

The issue raised for review is whether the District Court properly denied Mr. Eiler's petition for post-conviction relief.

In 1988, following a conviction for sexual assault, petitioner appealed his case to the Montana Supreme Court. This Court affirmed his conviction and denied his petition for rehearing. The facts of the underlying case are found in State v. Eiler (1988), 234 Mont. 38, 762 P.2d 210.

In 1991, Mr. Eiler filed for post-conviction relief. The District Court denied his petition concluding that: "[A]ll of Eiler's allegations other than ineffective assistance of counsel could have been, should have been, or were raised on direct appeal." It further found that Mr. Eiler was not denied effective assistance of counsel. From this ruling petitioner appeals.

Did the District Court properly deny Mr. Eiler's petition for post-conviction relief?

Here Mr. Eiler contends he is entitled to post-conviction relief, and alleges: (1) the court improperly allowed the State to present evidence of other crimes; (2) the prosecutor knowingly used perjured testimony when a State's witness testified he was one of Mr. Eiler's sponsors in the Alcoholics Anonymous (AA) program; (3) Mr. Eiler was incompetent to testify on his own behalf at

2

trial; and (4) Mr. Eiler was denied effective assistance of counsel.

The District Court determined that Mr. Eiler was procedurally barred from raising issues one through three in his petition for post-conviction relief under § 46-21-105, MCA. Section 46-21-105(2), MCA, provides:

> When a petitioner has been afforded a direct appeal of the petitioner's conviction, grounds for relief that could reasonably have been raised on direct appeal may not be raised in the original or amended petition [for post-conviction relief].

We agree with the District Court. First, Mr. Eiler did raise the issue of admitting other crimes evidence in his direct appeal. Next, Mr. Eiler could have reasonably raised issues two and three regarding his competence and the prosecutor's alleged use of perjured testimony on direct appeal. Thus we conclude the District Court properly denied Mr. Eiler's petition for relief on these issues.

Next, we will review the District Court's ruling that Eiler failed to prove ineffective assistance of counsel. Mr. Eiler claims his counsel's failure to call certain witnesses deprived him of a fair trial. In order to prove ineffective assistance of counsel Mr. Eiler must demonstrate his trial counsel's deficient performance prejudiced the defendant and that this deficiency denied Mr. Eiler a fair trial. State v. Kolberg (1990), 241 Mont. 105, 109, 785 P.2d 702, 704.

First, Eiler claims his counsel was deficient in failing to call witnesses to impeach a State's witness who testified he was

3

one of Eiler's sponsors in the AA program. Eiler also claims his counsel was deficient in failing to introduce testimony, contradicting Eiler's own testimony, regarding whether S.A. rode on a farm tractor with Eiler where the alleged assaults occurred. Further, Eiler claims counsel was deficient in failing to call certain witnesses to testify that his victims T.M. and S.A. were not afraid of him, and T.M. had visited his residence after the alleged assaults. Finally, he contends deficiency where witnesses would testify that S.A.'s mother and the prosecutor were "out to get him." Eiler contends these deficiencies prejudiced the defendant and denied him a fair trial.

The District Court concluded that ineffective assistance of counsel cannot be based on the above assertions. The District Court further concluded that Eiler was not entitled to an evidentiary hearing where the facts alleged, even if substantiated, were insufficient to prove ineffective assistance and did not justify granting Eiler post-conviction relief. In reviewing a district court's denial of post-conviction relief, we will not overturn the court's legal conclusions if the tribunal's interpretation of the law is correct. Rath v. St. Labre Indian School (1991), 249 Mont. 433, 439, 816 P.2d 1061, 1064. Here, we agree with the lower court's conclusion that none of the facts alleged by Eiler tend to establish ineffective assistance of counsel. Accordingly, Eiler failed to sustain the burden of proof necessary to establish ineffective assistance of counsel.

4

In addition, § 46-21-104(1)(c), MCA, requires supporting materials to be furnished with a petition for post-conviction relief. Section 46-21-104, MCA, states in part:

> The petition for postconviction relief must have attached any affidavits, records, or other evidence supporting its allegations or state why the evidence is not attached.

Here, Eiler failed to present any affidavits, records or other evidence to establish the testimony of his proposed witnesses. Next, he presented nothing to establish the availability of such witnesses. Last, he failed to present any statement as to why affidavits, records, or other evidence were not attached. Clearly Eiler failed to meet the requirements of § 46-21-104(1)(c), MCA. See State v. McColley (1991), 247 Mont. 524, 527, 807 P.2d 1358, 1360, where we stated that a claim of ineffective assistance of counsel must be grounded on facts in the record and not on merely conclusory allegations.

Finally, in his reply brief, Eiler contends that his counsel's failure to raise the issues of other crimes, perjured testimony and incompetency on his prior direct appeal are instances of ineffective assistance of counsel. Mr. Eiler did not present this argument to the District Court in his petition for post-conviction relief. He also failed to address those issues in his initial brief on appeal. Instead he offers this argument for the first time in his reply brief. We will not address such issues raised for the first time on appeal, and in particular will not do so where the opposing party has been denied the opportunity to

5

respond. Sherrodd Inc. v. Morrison-Knudsen Co. (1991), 249 Mont. 282, 285, 815 P.2d 1135, 1137.

We hold that the District Court properly denied Mr. Eiler's petition for post-conviction relief.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6