No. 00-157

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 130


STATE OF MONTANA,

Plaintiff and Respondent,

v.

RICHARD D. SCHAFF,

Defendant and Appellant.


APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Richard D. Schaff (pro se), Missoula, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Jennifer Anders,

Assistant Attorney General, Helena, Montana

Dennis Paxinos, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs: September 21, 2000
Decided: July 25, 2001

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Richard D. Schaff appeals from an order denying his petition for postconviction relief issued by the Thirteenth Judicial District Court, Yellowstone County. We affirm in part, reverse in part and remand for proceedings consistent with this opinion.

BACKGROUND

¶2 On July 29, 1996, Richard D. Schaff was charged by amended information with attempted deliberate homicide, aggravated kidnaping, two counts of sexual intercourse without consent, one count of sexual assault, and witness tampering. Pursuant to a plea bargain he pled guilty to two of the charges, attempted deliberate homicide and witness tampering.

¶3 On November 12, 1996, Schaff moved to withdraw his guilty plea. After a hearing, the District Court denied the motion and sentenced Schaff to forty (40) years for attempted deliberate homicide, ten (10) years consecutive for the use of a weapon, and ten (10) years concurrent for witness tampering. Schaff appealed the order denying his motion to withdraw the guilty plea, and we affirmed the District Court's denial in *State v. Schaff,* 1998 MT 104, 288 Mont. 421, 958 P.2d 682.

¶4 Schaff next filed a petition for postconviction relief contending ineffective assistance of counsel, which is the subject of this appeal. Schaff argues that he paid his trial counsel a substantial amount of cash and provided him liens on his property as additional compensation. When he could no longer pay his attorney, he relates that arrangements were made for his attorney's continued representation through the Yellowstone County Public Defender's office. Schaff contends that his lawyer provided ineffective assistance of counsel when he required him to decide whether to accept the offered plea agreement after considering the matter for less than two hours. Schaff further alleges that his trial counsel forced him to enter the plea, misled him, and denied him the opportunity to secure other

counsel. He claims that with the assistance of different counsel at the hearing to withdraw the guilty plea, he could have established that his plea was not voluntary. After a response from the State and without a hearing, the District Court denied the petition on January 7, 2000. Schaff appeals and the only question is whether the District Court erred in summarily denying his petition.

## STANDARD OF REVIEW

¶5 The standard of review of a district court's denial of a petition for postconviction relief is whether substantial evidence supports the findings and conclusions of the district court. In reviewing a district court's denial of postconviction relief, we review a district court's findings of fact to determine if they are clearly erroneous, and the district court's conclusions of law to determine if the court correctly interpreted the law. *State v. D'Amico*, 2000 MT 63, ¶ 7, 299 Mont. 57, ¶ 7, 997 P.2d 773, ¶ 7.

## DISCUSSION

¶6 Although Schaff is represented by counsel in this appeal, he filed his petition for postconviction relief without the assistance of counsel. The petition alleges that he paid his counsel $18,000 in cash and then provided him $22,000 worth of liens on his property. When he could no longer pay his attorney, an agreement was reached wherein his counsel could continue representing him and receive payment through the Yellowstone County Public Defender's Office. Schaff alleges he was denied effective representation by his attorney who received such payments to "then only given [sic] petitioner one and a half hours to agree to a plea bargain and to then mislead petitioner by forcing petitioner to agree to his continued representation at the hearing to withdraw his guilty plea, when petitioner, with assistance of other counsel, would have established that his plea was not voluntary." On appeal Schaff argues that he could not have raised the precise issue of ineffective assistance of counsel because discussions between him and his attorney are not record based and thus can only be presented through postconviction proceedings. *See Hagen v. State,* 1999 MT 8, ¶ 12, 293 Mont. 60, ¶ 12, 973 P.2d 233, ¶ 12.

¶7 Relying on our decisions in *Eiler v. State* (1992), 254 Mont. 39, 833 P.2d 1124, and *State v. McColley* (1991), 247 Mont. 524, 807 P.2d 1358, the State argued in the District Court, as they do on appeal, that Schaff's petition is defective because he does not sufficiently specify his claim of ineffective assistance of counsel. The State argues that Schaff offered no supporting information nor did he identify precisely why he believes his

counsel was ineffective and thus his claim was properly and summarily dismissed by the District Court. Should we reach the merits of Schaff's petition, the State argues that it is without merit. The State points out that Schaff raised the issue of voluntariness in his direct appeal which has already been affirmed, thus the doctrine of res judicata prevents him from again raising this issue in postconviction relief. To the extent that Schaff raises something other than a voluntariness claim, the State argues that the District Court correctly determined that Schaff is procedurally barred because he could have raised the issue in his direct appeal pursuant to § 46-21-105(2), MCA.

¶8 We disagree with the State that the voluntariness of Schaff's plea is not a proper subject of this postconviction proceeding. Although it is true that Schaff raised voluntariness issues in the District Court, he did not raise the question of whether he received competent advice from counsel prior to entering his plea. Schaff testified at his change of plea hearing that he was not dissatisfied with counsel, but that he simply made a wrong decision. This testimony was based on the information he had at the time. The District Court also determined in the change of plea proceeding that Schaff had ample time to make his decision on whether or not to accept the plea. These record based issues cannot be revisited. Section 46-21-105(2), MCA. *See also Rudolf v. Day* (1995), 273 Mont. 309, 312, 902 P.2d 1007, 1008.

¶9 Schaff raises another aspect of voluntariness in this petition that was not raised in the District Court. He contends that he was misled to think that he was required to proceed in his change of plea hearing with his trial counsel when he was legally entitled to be represented by another attorney. The question of whether he was properly advised by trial counsel necessarily touches on the voluntariness of his decision. The discussions relating to any facts to support these contentions are not part of the record in the direct appeal. Furthermore, this is not the type of evidence Schaff would likely present at a change of plea hearing. Schaff was trying to withdraw his plea and proceed to trial, not discharge his lawyer. Schaff may not have questioned the competency of his legal advice at the time.

¶10 Although this is a close question, we believe upon reflection that the better course would have been for the District Court to appoint Schaff counsel and provide him with the opportunity for a hearing to present his ineffective assistance of counsel claims. It may very well be that Schaff will be unable to do anything more than rehash what he has already argued on direct appeal. In that event, the District Court may reaffirm its previous decision. We believe, however, that Schaff should be permitted a hearing to present any nonrecord based ineffective assistance of counsel claims.

¶11 We affirm part of the District Court's order inasmuch as any record based voluntariness issues of Schaff's plea that have already been addressed in his direct appeal cannot be again raised in this proceeding. However, we reverse that part of the District Court's order which provides that Schaff is procedurally barred from raising ineffective assistance of counsel in this postconviction proceeding. This matter is remanded to the District Court for purposes of appointing counsel and conducting a hearing on the petition for postconviction relief.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART