No. 02-175

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 288

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

DANIEL W. FINLEY,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Twentieth Judicial District,
                       In and for the County of Lake,
                       The Honorable C. B. McNeil, Judge presiding..

COUNSEL OF RECORD:

       For Respondent:

           Mike McGrath, Montana Attorney General, Ilka Becker, Assistant
        Montana Attorney General, Helena, Montana; Robert J. Long, Lake
     County Attorney, Polson, Montana

       For Appellant:

           Chad Wright, Appellate Defender, Helena, Montana


                    Submitted on Briefs:  July 11, 2002

                       Decided:  December 10, 2002

Filed:

                           Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Daniel Warren Finley (Finley), pursuant to a plea agreement, plead guilty to felony DUI and received a one-year sentence in the Montana State Prison with three years suspended. He filed a *pro se* Petition for Postconviction Relief claiming that his counsel had been ineffective. The District Court dismissed the Petition for failure to state a claim for which relief was available. Finley appeals this dismissal. We affirm.

## ISSUE

¶2     The parties present different issues on appeal. We conclude that the proper issue before this Court is whether the District Court erred when it dismissed Finley's Petition for Postconviction Relief as a matter of law for failure to state a claim for such relief.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     In early November 2000, Finley, while driving alone in a vehicle, passed out. When the police arrived Finley's car was parked in the middle of the road and Finley, still unconscious, was in the driver's seat with his foot on the brake. The car was running and in driving gear. The interior of the car was littered with empty alcohol bottles, and a near-empty bottle of whiskey sat between Finley's legs. Finley's person and clothing smelled of liquor. When roused, it was apparent from his slurred, slow speech, bloodshot eyes and alcohol breath that Finley was drunk. This was Finley's sixth DUI offense.

¶4     With assistance of counsel, Finley and the State subsequently entered into a Plea Agreement (the Agreement) under which Finley pled guilty to Felony DUI, fifth offense. In exchange, the State dismissed one DUI offense and recommended that Finley be sentenced to 12 months in the Montana State Prison (MSP), none of which would be suspended and during which Finley would not be

2

eligible for parole. Finley would also be placed on three years probation. Additionally, the State agreed not to request that Finley be declared a persistent felony offender. In February 2001, the District Court accepted the recommended sentence and Finley was ordered confined to the MSP for 12 months.

¶5     With credit for time spent in the Lake County jail, Finley was released on September 26, 2001, and began serving his three year probation term. On November 3, 2001, Finley was arrested after being accused of a knife assault on the previous day. At the time of his arrest, he had a Blood Alcohol Content (B.A.C.) level of .074. This was a violation of his probation condition which prohibited him from drinking any intoxicants. On November 13, 2001, the State sought revocation of Finley's probation. On November 14, 2001, Finley filed a *pro se* Petition for Postconviction Relief (Petition) claiming ineffective assistance of counsel.

¶6     Finley's Petition asserted that his counsel had failed to advise him during plea agreement negotiations that he could challenge the validity of three prior unspecified DUI convictions, based upon the fact that he was not represented by counsel in those cases. He argued that but for those three convictions, his 2001 DUI conviction would have been his second DUI and, therefore, a misdemeanor. He requested that the court set aside the instant DUI conviction and appoint him counsel to challenge the validity of the three previously-referenced DUIs. On January 7, 2002, the District Court dismissed Finley's Petition as a matter of law for failure to state a claim for such relief. In February 2002, the District Court revoked Finley's suspended sentence and committed Finley to the MSP for three years. Finley appeals the District Court's January 7, 2002 dismissal of his Petition for Postconviction Relief.

## STANDARD OF REVIEW

3

¶7 A district court may dismiss a petition for postconviction relief as a matter of law for failure to state a claim for relief. Section 46-21-201(1)(a), MCA. We review a district court's conclusions of law in a denial of a petition for postconviction relief to determine whether the conclusions are correct. *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9.

## DISCUSSION

¶8 This District Court's actions in this case were circumscribed by § 46-21-104, MCA, which states:

> (1) The petition for postconviction relief **must**:
> (a) . . .
> (b) . . .
> (c) identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts (emphasis added).

¶9 This Court has held on several occasions that mere allegations do not constitute the "evidence" contemplated by § 46-21-104(1)(c), MCA, nor are unsupported allegations sufficient to entitle a petitioner to an evidentiary hearing. See *Hanson*, ¶ 22; *State v. Sullivan* (1997), 285 Mont. 235, 948 P.2d 215; *Eiler v. State* (1992), 254 Mont. 39, 833 P.2d 1124. We have also specifically held that § 46-21-104(1)(c), MCA, "require[s] that a claim of ineffective assistance of counsel must be grounded on facts in the record and not merely on conclusory allegations." *Kills On Top v. State* (1996), 279 Mont. 384, 396, 928 P.2d 182, 189 (citations omitted).

¶10 Finley failed to provide any evidence in any form that would establish the facts underlying the assertions in his Petition, nor did he provide an explanation for why the supporting evidence was not provided. Significantly, he did not even identify the prior DUI convictions of which he complains by court or cause number, nor did he provide any other particulars. Under our prior decisional law, Finley's Petition therefore did not satisfy § 46-21-104(1)(c), MCA, nor did it entitle

4

him to an evidentiary hearing. Therefore, Finley's Petition was properly dismissed. *Hanson*, ¶ 23; *Sullivan*, 285 Mont. at 240, 948 P.2d at 219.

¶11 Finley argues that *State v. Schaff*, 2001 MT 130, 305 Mont. 427, 28 P.3d 1073, *State v. Lawrence*, 2001 MT 299, 307 Mont. 487, 38 P.3d 809, *Fitzpatrick v. State* (1981), 194 Mont. 310, 638 P.2d 1002, and *Soraich v. State*, 2002 MT 187, 311 Mont. 90, 53 P.3d 878, support his claim that he is entitled to an evidentiary hearing, and that failure of this Court to reach that conclusion would require that these cases be overruled. We conclude that each of these cases is distinguishable and inapposite.

¶12 Finley is correct that each of the named cases share similarities with the case *sub judice*-- each involved a claim of ineffective assistance of counsel brought in a postconviction petition that was summarily dismissed by the district court without an evidentiary hearing. In each case, this Court remanded for an evidentiary hearing to determine whether counsel was ineffective. While the similarities in these cases are notable, it is the differences that are determinative. Significantly, in none of the above cases was there a challenge to the petition on the basis that it failed to satisfy the procedural requirements of § 46-21-104 (1)(c), MCA, as is present here.

¶13 In both *Schaff* and *Soraich*, the district courts had determined that the postconviction petitions were procedurally barred by § 46-21-105(2), MCA, which requires that claims not raised on direct appeal may not be raised in a postconviction proceeding. Our review focused on whether the court's conclusion was correct. Section 46-21-104(1), MCA, on the other hand, sets forth a specific list of items that **must** be a part of every petition for postconviction relief. It imposes a simple procedural threshold and failure to satisfy it has led this Court to procedurally bar numerous previous claims. *See Hanson*, 1999 MT 226, 296 Mont. 82, 988 P.2d 299; *State v. Wright*, 2001

5

MT 282, 307 Mont. 349, 42 P.3d 753; *Sullivan*, 285 Mont. 235, 948 P.2d 215.

¶14    The differences between *Fitzpatrick* and *Lawrence* and the case at bar, while not statutory, are nonetheless significant.  In *Fitzpatrick*, the petitioner, unlike Finley, had cited numerous and substantial facts to support his allegations of ineffective assistance that the district court had inappropriately discounted and dismissed.  And, in *Lawrence,* the district court analyzed Lawrence's ineffective assistance claim under *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and determined, contrary to our prior decisional law,  that Lawrence's counsel's failure to advise Lawrence of critical and known information regarding the offered plea agreement was not prejudicial.  By contrast, in the case before us, the District Court was not required to and indeed did not engage in any analysis of the merits of Finley's claim, because Finley failed to satisfy the procedural prerequisites for such consideration.  Thus, none of the cases relied upon by Finley compel reversal of the District Court's decision here.

## CONCLUSION

¶15    The District Court correctly determined that Finley's Petition was procedurally deficient. Therefore, we affirm the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

6