DA 08-0218

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 105N

KEITH EUGENE DOYLE,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte-Silver Bow, Cause No. DV-07-280
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Keith Eugene Doyle (self-represented); Great Falls, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; Mark W. Mattioli
Assistant Attorney General, Helena, Montana

      Robert McCarthy, Butte-Silver Bow County Attorney; Michael W.
Clague, Samm Cox, Mollie Maffei, Deputy County Attorneys, Butte,
Montana

Submitted on Briefs:  January 28, 2009

Decided:  March 31, 2009

Filed:

_____
                        Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Keith Eugene Doyle (Doyle) appeals from an order from the Second Judicial District Court, Butte-Silver Bow County, denying his petition for postconviction relief. We affirm.

¶3 Doyle was convicted of deliberate homicide by accountability in a jury trial in January of 2005, and sentenced to 65 years in prison. Doyle appealed his conviction, which we affirmed in *State v. Doyle*, 2007 MT 125, 337 Mont. 308, 160 P.3d 516.

¶4 Doyle filed a petition in District Court seeking postconviction relief in October of 2007, in which he raised numerous claims of ineffective assistance of counsel (IAC), each based on evidentiary issues that were raised in his appeal. Doyle claimed that the District Court refused to clarify confusing jury instructions, notwithstanding the jury twice requested clarification. Doyle also maintained that when the jury became deadlocked, the District Court sent the jurors home for the evening, which exposed them to media coverage of the trial. Doyle contends that the following day, the District Court committed judicial misconduct by coercing the jury into reaching a guilty verdict.

2

¶5 The District Court denied the petition as procedurally barred on the basis that no IAC claims were raised on appeal, and the other claims constituted an effort to revisit issues decided adversely to Doyle in his appeal.

¶6 The issues raised here on appeal are whether the District Court erred in denying Doyle's petition for postconviction relief, and whether the District Court erred in refusing to allow Doyle to amend his petition.

¶7 A petition for postconviction relief may be dismissed as a matter of law for failure to state a claim for relief under § 46-21-201(1)(a), MCA; *Smith v. State*, 2000 MT 327, ¶ 14, 303 Mont. 47, 15 P.3d 395. Postconviction relief is not available on record-based issues that were, or could have been raised on appeal. Section 46-21-105(2), MCA; *Smith*, ¶ 14. We review the denial of postconviction petitions to determine if the district court's findings are clearly erroneous and whether the legal conclusions are correct. *Ellenburg v. State*, 2004 MT 66, ¶ 10, 320 Mont. 315, 87 P.3d 473; *Smith*, ¶ 14.

¶8 Postconviction petitions confront demanding pleading requirements such that mere allegations are insufficient. A postconviction petition must: "[I]dentify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA; *Ellenburg*, ¶ 16 (citations omitted); *Herman v. State*, 2006 MT 7, ¶ 43, 330 Mont. 267, 127 P.3d 422. Failure to comply with pleading requirements constitutes sufficient grounds to dismiss a claim as a matter of law for failure to state a claim. *Herman*, ¶ 15; *State v. Finley,* 2002 MT 288, ¶¶ 7, 13, 312 Mont. 493, 59 P.3d 1132.

3

¶9 Doyle's IAC claims are comprised entirely of conclusory allegations that do not constitute evidence establishing the existence of facts that support grounds for relief. *See* § 46-21-104(1)(c), MCA; *Herman*, ¶¶ 16, 49; *Finley*, ¶¶ 9, 10 (citing *Vernon Kills On Top v. State*, 279 Mont. 384, 396, 928 P.2d 182, 189 (1996)). Therefore, Doyle's petition conclusively establishes that he is not entitled to relief on the IAC claims for failure to satisfy these procedural prerequisites. Sections 46-21-104 and -201(1)(a), MCA; *Herman*, ¶15.

¶10 We turn to the allegations related to the jury instructions and purported judicial misconduct. Doyle argued on appeal that he was entitled to a mistrial based on these issues. In our prior opinion, we concluded the district court did not abuse its discretion in denying the motion for a mistrial. *Doyle*, ¶¶ 75-77. The district court correctly determined these issues are procedurally barred from further consideration. Section 46-21-105(2), MCA.

¶11 Finally, Doyle contends he was precluded by the District Court from filing an amended petition raising the claim that his family members were coerced into falsely testifying against him. Doyle insists that the court ruled on his petition five days before he could file an amended petition. Nothing in the record suggests that Doyle filed a motion to amend his petition or that he attempted to file an amended petition with the District Court. Moreover, witness coercion was raised in Doyle's trial, but not on appeal. The issue could have been addressed in the appeal. The procedural bar precludes Doyle

4

from arguing in a postconviction proceeding that trial witnesses were coerced to testify falsely. *See* § 46-21-105(2), MCA.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The IAC claims as pled, do not comply with the procedural prerequisites required by § 46-21-104(1)(c), MCA. It is manifest on the face of the briefs and the record that the remaining claims are procedurally barred.

¶13 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE

5