DA 08-0590

## IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 195N

DOUGLAS FRANKLIN RAYMOS,

      Petitioner and Appellant,

    v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Mineral, Cause No. DV 08-25
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Douglas Franklin Raymos (self-represented); Glendive, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

      M. Shaun Donovan, Mineral County Attorney, Superior, Montana

Submitted on Briefs:  May 6, 2009

Decided:  June 9, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Douglas Franklin Raymos (Raymos) appeals from an order of the Fourth Judicial District Court, Mineral County, dismissing his petition for postconviction relief. We affirm.

¶3 The State charged Raymos with arson on July 26, 2006, for setting fire to a mobile home in a trailer court in St. Regis. A cooperating witness for the State said that he, Raymos, and two other individuals went to a location near the trailer court on the night of the fire and waited in the car when Raymos left carrying a can of gasoline. The witness stated that Raymos returned shortly and confirmed that the fire had been set. That account of the incident was denied by the two other witnesses (whose statements conflicted with each other), but partially confirmed by video from a St. Regis gas station showing Raymos and the cooperating witness putting gasoline in a portable can shortly before the fire. On January 10, 2007, Raymos pled guilty under a plea agreement, and was later sentenced to ten years at Montana State Prison with five years suspended and

credit for time served. On March 31, 2008, Raymos filed a petition for postconviction relief, which the District Court dismissed for failure to state a claim on October 9, 2008.

¶4 Raymos argues that he received ineffective assistance of counsel during the criminal proceedings convicting him of arson. Raymos claims that he did not appeal his conviction because his attorneys coerced him into believing that if he took his case to a trial by jury, then the federal government would file charges against him as an ex-felon in possession of a firearm and the State of Montana would arrest and charge his sister and wife as accessories. Raymos further claims that his attorneys coerced him into a guilty plea by withholding evidence, discovery statements, and other documents from him that would have been used to show his innocence. Raymos argues that he was intimidated into accepting a plea bargain for the crime of arson. Despite Raymos' wide-ranging allegations, the only issue properly presented on this appeal is whether the District Court properly denied Raymos postconviction relief.

¶5 A district court may dismiss a petition for postconviction relief as a matter of law for failure to state a claim for relief. Section 46-21-201(1)(a), MCA. We review a district court's conclusions of law in a denial of a petition for postconviction relief to determine whether the conclusions are correct. *State v. Finley*, 2002 MT 288, ¶ 7, 312 Mont. 493, 59 P.3d 1132. A petition for postconviction relief must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA.

¶6 This Court has held on several occasions that mere allegations do not constitute the "evidence" contemplated by § 46-21-104(1)(c), MCA, nor are unsupported allegations sufficient to entitle a petitioner to an evidentiary hearing. *See Finley*, ¶ 9; *State v. Hanson*, 1999 MT 226, ¶ 22, 296 Mont. 82, 988 P.2d 299; *State v. Sullivan*, 285 Mont. 235, 240, 948 P.2d 215, 218-19 (1997); *Eiler v. State*, 254 Mont. 39, 42-43, 833 P.2d 1124, 1126-27 (1992). We have specifically held that § 46-21-104(1)(c), MCA, "require[s] that a claim of ineffective assistance of counsel must be grounded on facts in the record and not merely on conclusory allegations." *Vernon Kills On Top v. State*, 279 Mont. 384, 396, 928 P.2d 182, 189 (1996).

¶7 The District Court correctly concluded that Raymos

> presented no evidence, in any form, supporting the allegations contained in his petition for postconviction relief. While he has attached a number of letters to his petition, these letters do not constitute "records, affidavits, or other evidence establishing the existence of those facts" supporting the grounds for relief set forth in his petition. He has not even attached his own affidavit or otherwise verified his petition as required under § 46-21-103, MCA.

We agree with the District Court that Raymos has not met the procedural requirements of §§ 46-21-103 and -104, MCA. Therefore, the District Court's dismissal of Raymos' petition for postconviction relief for failure to state a claim was correct.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issue is clearly controlled by settled Montana law.

¶9 Affirmed.

/S/ MIKE McGRATH

4

We concur:


/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS