FILED

October 27 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0204

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 357N

PAUL LASZLO RACZ,

      Petitioner and Appellant,

   v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 08-1811
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Paul Laszlo Racz, Pro Se; Shelby, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; John A. Paulson,
Assistant Attorney General; Helena, Montana

      Dennis Paxinos; Yellowstone County Attorney; Billings, Montana

Submitted on Briefs: September 16, 2009

Decided: October 27, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Paul Laszlo Racz (Racz) was convicted of criminal drug possession and sentenced to ten years in state prison with five suspended. Racz appeals pro se from the dismissal of his postconviction relief by the Thirteenth Judicial District Court in Yellowstone County. We affirm.

¶3 The issue on appeal is whether the District Court properly dismissed Racz's pro se petition for postconviction relief. We review a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Hirt v. State*, 2009 MT 116, ¶ 24, 350 Mont. 162, 206 P.3d 908.

¶4 In January 2007, Paul Laszlo Racz was convicted of Criminal Possession of Dangerous Drugs and sentenced to ten years in prison with five suspended. At trial, Racz was represented by attorneys Tanya Dvarishkis and Miora D'Alton. Racz appealed to the Supreme Court and we affirmed Racz's conviction in September 2007. In December 2008, Racz fild a petition for postconviction relief. In its February 2009 Order, the District Court denied postconviction relief and dismissed the petition. Racz now appeals

2

from the Thirteenth Judicial District Court's dismissal of his petition for postconviction relief.

¶5     In June 2005, Racz and his companion, Sheila Velarde, were temporarily detained by Billings police officers while the officers investigated the ownership of personal property in the car. Racz was handcuffed and placed in a patrol car. When the officers found that none of the items had been reported stolen, the officers released Racz. After removing Racz from the patrol car, an officer checked the back seat and found a baggie of methamphetamine similar to baggies found in a black purse in Velarde's possession. Racz was arrested and tried before a jury. He was convicted of possessing methamphetamine. At the sentencing hearing, Racz claimed his trial attorneys were ineffective by failing to obtain fingerprint evidence from the baggies and failing to obtain videotapes from the patrol cars. On appeal, Racz claims ineffective assistance of counsel, mishandling of evidence, and makes broad arguments regarding official misconduct, fraud, deceit, and prosecutorial misconduct. Racz asserts that the prosecutors, police, and his attorneys conspired to have him convicted.

¶6     Under § 46-21-104(1)(a), MCA, a district court may dismiss a petition for postconviction relief as a matter of law for failure to state a claim for relief. Subsection (c) states that a postconviction relief petition must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Mere allegations do not constitute the "evidence" required under the statute. *State v. Finley*, 2002 MT 288, ¶ 9, 312 Mont. 493, 59 P.3d 1132. The District Court accurately determined that Racz provides no factual

3

basis for the allegations raised. Racz claims that Billings police officers framed him, but his only support is a lost supplemental police report. The fact that the report was lost does not support Racz's argument that he was framed.

¶7 Claims of ineffective assistance of counsel must be grounded in facts in the record and not simply conclusory allegations. *Vernon Kills on Top v. State*, 279 Mont. 384, 396, 928 P.2d 182, 189 (1996). Trial counsel defended against the possession charge by arguing that the police officers mishandled the evidence and failed to test for fingerprints. Racz claims his attorneys conspired with the prosecutors and police to frame and convict him of a crime he didn't commit. These conclusory allegation are not sufficient to make an ineffective assistance of counsel claim.

¶8 We have determined it is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.

¶9 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA O. COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS

4