

DA 11-0012

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 206N

ALLEN POTTER,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 09-1426
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Allen J. Potter (self-represented litigant), Shelby, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

          Fred R. Van Valkenburg, Missoula County Attorney; Kirsten Pabst
LaCroix, Deputy County Attorney, Missoula, Montana

          Submitted on Briefs:  August 3, 2011

                  Decided:  August 23, 2011

Filed:

                          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Allen Potter filed a petition for postconviction relief and the District Court ordered a response from the State, which moved to dismiss.  After Potter responded to the State's motion, the District Court dismissed Potter's petition without hearing.  Potter appeals from the District Court's Opinion and Order, filed December 21, 2010, dismissing his petition for postconviction relief.  We affirm.

¶3     This Court reviews a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct.  *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, 988 P.2d 299.  The petitioner has the burden to show by a preponderance of the evidence that the facts justify relief.  *State v. Godfrey*, 2009 MT 60, ¶ 13, 349 Mont. 335, 203 P.3d 834.  Claims of ineffective assistance of counsel must be grounded upon facts and not merely conclusory allegations.  *State v. Finley*, 2002 MT 288, ¶ 9, 312 Mont. 493, 59 P.3d 1132.  A district court may dismiss a petition for postconviction relief as a matter of law for failure to state a claim, § 46-21-201(1)(a), MCA, and this Court reviews the decision to dismiss without

a hearing for abuse of discretion. *Herman v. State*, 2006 MT 7, ¶ 13, 330 Mont. 267, 127 P.3d 422.

¶4 We have reviewed Potter's contentions that his trial attorney provided ineffective assistance of counsel and concur with the District Court's conclusion that Potter failed to demonstrate that his attorney's performance was deficient, or that his attorney's performance prejudiced the defense. Potter contends that his attorney failed to pursue evidence which would have caused the jury to determine that his victim did not suffer serious bodily injury sufficient to support a conviction for aggravated assault. *See* §§ 45-5-202 and 45-2-101(66), MCA. Potter's victim was subjected to a vicious and prolonged beating that left her hospitalized with multiple injuries. *State v. Potter*, 2008 MT 381, ¶¶ 8-9, 31-34, 347 Mont. 38, 197 P.3d 471.

¶5 The District Court considered each of Potter's allegations that he was entitled to postconviction relief because his counsel was ineffective. The District Court "determined that all of [Potter's] claims fail to state a claim for relief, and should be dismissed because they are either speculative, not founded in fact, or not supported by the record before the Court."

¶6 We agree with the District Court that Potter failed to meet his burden to demonstrate by a preponderance of the evidence that his attorney was ineffective, or that any of the attorney's acts or omissions would have resulted in a different outcome. The issues are clearly controlled by settled Montana law, and the District Court's decision to dismiss the petition was not clearly erroneous and was not an abuse of discretion.

¶7     Affirmed.

                                        /S/ MIKE McGRATH

We concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON