FILED

May 5 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0197

DA 14-0197

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 124N

JORY RUSSELL STRIZICH,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent  and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. ADV-13-840
                    Honorable Gregory G. Pinski, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

            Jory Russell Strizich (Self-Represented), Deer Lodge, Montana

       For Appellee:

            Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
            Attorney General, Helena, Montana

            John Parker, Cascade County Attorney, Amanda Lofink, Deputy County
            Attorney, Great Falls, Montana

                           Submitted on Briefs:  April 1, 2015
                                  Decided:  May 5, 2015

Filed:

                                        Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    The issue on appeal is whether the District Court erred when it denied Jory Strizich's Petition for Post Conviction Relief.

¶3    In October 2011, Jory Strizich ("Strizich") was arrested and charged with six misdemeanors and one count of felony theft. In April 2012, Strizich and the Cascade County Attorney reached a plea agreement, in which Strizich agreed to plead nolo contendere to the felony theft charge in return for the dismissal of the remaining charges. The agreement also recommended payment of restitution to any victims. The parties agreed to a recommendation of a three-year deferred imposition of sentence. Strizich signed a written "Acknowledgment and Waiver of Rights" form.

¶4    The District Court conducted a change of plea hearing on April 3, 2012. District Court Judge McKittrick inquired into Strizich's education and literacy levels, his voluntariness in entering the plea, and his understanding of the charges and penalties. Great Falls Police Officer Keith Hedges testified at the hearing, providing details of the evidence the State would present if the case proceeded to trial.

2

¶5 After Officer Hedges' testimony, Judge McKittrick again questioned Strizich. Judge McKittrick asked Strizich whether after hearing Officer Hedges' testimony, he believed there was a substantial likelihood that a jury would convict him of felony theft. Strizich initially stated "no" and mentioned his incarceration, to which Judge McKittrick responded that he would not accept the plea. Judge McKittrick explained to Strizich that his incarceration had no weight on the judge's decision to accept or deny the plea. Judge McKittrick then asked again, whether Strizich believed there was a substantial likelihood that he would be found guilty if the evidence was presented to a jury. Strizich stated, "[y]es your Honor," and agreed that it was in his best interest to plead nolo contendere. He reiterated that his plea was made voluntarily and that he understood what the Judge was asking him. Judge McKittrick accepted Strizich's plea of nolo contendere to the felony theft charge.

¶6 On May 24, 2012, the District Court held a sentencing hearing, deferred the sentence for three years, and imposed $330.49 in restitution. In January 2013, Strizich filed a motion to withdraw his plea, asserting it had not been entered voluntarily. The District Court denied the motion, concluding that the plea was made knowingly and voluntarily, and no good cause existed to support his motion to withdraw. Subsequently, Strizich filed a petition in District Court seeking postconviction relief, in which he raised numerous claims of ineffective assistance of counsel. The District Court rejected all claims and dismissed the petition without a response from the State or an evidentiary hearing.

¶7 "We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct." *Beach v. State*, 2009 MT 398, ¶ 14, 353 Mont. 411, 220 P.3d 667 (citations omitted). This Court reviews "discretionary rulings in postconviction relief proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion." *Beach*, ¶ 14 (citations omitted).

¶8 A petitioner seeking to reverse a court's denial of a petition for postconviction relief based on ineffective assistance of counsel bears a heavy burden. *Bomar v. State,* 2012 MT 163, ¶ 5, 365 Mont. 474, 285 P.3d 396 (citations omitted). The petitioner must prove by a preponderance of the evidence that he is entitled to relief. *Herman v. State,* 2006 MT 7, ¶ 44, 330 Mont. 267, 127 P.3d 422. The petition for postconviction relief must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA; *State v. Finley,* 2002 MT 288, ¶ 8, 312 Mont. 493, 59 P.3d 1132. Unsupported allegations are insufficient to entitle a petitioner to a hearing. *Finley*, ¶ 9. A district court "may dismiss a petition for postconviction relief without holding an evidentiary hearing if the procedural threshold set forth in § 46-21-104(1)(c), MCA, is not satisfied." *Herman,* ¶ 15.

¶9 To prevail on a claim of ineffective assistance of counsel, the defendant must establish: "(1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense." *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861 (citations omitted.) Both elements must be met to succeed on a claim of

4

ineffective assistance of counsel. *Whitlow*, ¶ 11. The law presumes that "trial counsel's performance was based on sound trial strategy and falls within the broad range of reasonable professional conduct." *Bomar*, ¶ 7 (citations omitted).

¶10 A defendant who is unwilling to admit to any element of an offense may enter a plea of nolo contendere if the defendant considers the plea in his best interest and the court finds there is a factual basis for the plea. Section 46-12-212(2), MCA. A trial court must determine there is "strong evidence of guilt" before accepting the plea. *Commission Comments to* § 46-12-212, MCA; *State v. Frazier,* 2007 MT 40, ¶ 21, 336 Mont. 81, 153 P.3d 18.

*a. Strong Evidence of Guilt*

¶11 On appeal, Strizich challenges the District Court's conclusion that there was no evidence of deficient performance of defense counsel concerning the "strong evidence of guilt" standard. Strizich asserts that Officer Hedges' testimony proved "nothing more than probable cause" and his attorney failed to cross-examine or call rebuttable witnesses, whom he argues would have called into question the strength of the evidence establishing his guilt. Additionally, Strizich faults the District Court for relying on his statements made at the change of plea hearing, which he argues were made under "psychological pressure" and a strong desire to be released from jail.

¶12 The District Court did not err when it concluded there was no evidence of deficient performance by defense counsel. The evidence shows that the District Court applied the stricter standard and that Officer Hedges' testimony and Strizich's statements provided a sufficient factual basis for Strizich's guilt.

¶13    At the hearing, Strizich demonstrated that he understood the nature of the charge, the maximum penalty provided by law, and the difference between a deferred imposition and a suspended sentence. Additionally, Strizich signed the written plea agreement, as well as the acknowledgement and waiver of rights. The record shows that the District Court questioned Strizich to ensure that he was voluntarily entering the plea and that he agreed it was in his best interest to enter the plea of nolo contendere.

*b. Misrepresentation by Trial Counsel*

¶14    Strizich argues that his trial counsel misrepresented to him the restitution amounts in his plea agreement, thus rendering his plea unknowing and involuntary. Specifically, Strizich takes issue with the $45.16 of restitution imposed for the dismissed misdemeanor theft charge. The District Court did not err when it concluded that there was no evidence of misrepresentation or deficient performance by his attorney. The record clearly shows that counsel objected to the restitution amount at sentencing. Moreover, the written plea agreement, signed by Strizich, states, "The County Attorney will recommend restitution to *any victim*." (emphasis added).

*c. Failure to Hold an Evidentiary Hearing or Order the State to File a Response*

¶15    Strizich argues that the District Court erred when it failed to require the State to file a responsive pleading or hold a hearing. The District Court did not abuse its discretion. A district court is required to give notice of the petition to the county attorney and order a responsive pleading, "[u]nless the petition and the files and records of the case conclusively show that the petitioner is not entitled to relief." Section 46-21-201(1)(a), MCA.

6

¶16   Here, the District Court concluded that a response and an evidentiary hearing were not required. Strizich's petition does not meet the threshold requirements of § 46-21-104, MCA, and does not prove by a preponderance of the evidence that he is entitled to relief. The petition did not set forth any facts supporting the grounds for relief requested. *Kelly v. State,* 2013 MT 21, ¶ 11, 368 Mont. 309, 300 P.3d 120.  The record supports the District Court's finding that the plea colloquy was adequate and strong evidence of guilt was introduced at the change of plea hearing.

¶17   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶18   Affirmed.


/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE