DA 07-0075

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 135N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

RICHARD JAMES NAVA,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 05-947
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            James B. Wheelis, Chief Appellate Defender, Helena, Montana

        For Appellee:

            Hon. Mike McGrath, Attorney General; Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

            Dennis Paxinos, Yellowstone County Attorney; Ed Zink, Deputy County
Attorney, Billings, Montana

Submitted on Briefs:  February 13, 2008

Decided:     April 22, 2008

Filed:

                             Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Richard James Nava (Nava) appeals from the District Court's Order imposing the requirement that he pay restitution as a condition of parole and further ordering him to pay restitution while he is incarcerated. We reverse in part and affirm in part.

¶3    The State of Montana charged Nava with deliberate homicide in the death of Levi Minard. Nava was convicted of deliberate homicide following a jury trial. The jury also found that Nava had knowingly used a dangerous weapon while engaged in the commission of deliberate homicide. The District Court sentenced Nava to life imprisonment at the Montana State Prison (MSP) on the deliberate homicide charge, with an additional consecutive ten years at MSP for the use of a weapon. The District Court also imposed numerous conditions in the event of Nava being released upon parole. Among other matters, the court directed Nava to pay restitution as a condition of parole. The court further ordered Nava to pay restitution while incarcerated at MSP. Nava appeals the District Court's order imposing restitution as a condition of his parole and imposing the requirement that he pay restitution while incarcerated.

¶4    Nava argues on appeal that the District Court lacked statutory authority to impose conditions on parole. Nava points out that § 46-18-201(4), MCA (2003), authorized the

2

District Court to impose conditions of probation, and that no explicit statutory authority allowed the District Court, except in specific circumstances, to impose conditions affecting parole. The State argues that Nava failed to object to the condition on parole. The State urges that the requirement that Nava pay restitution as a condition of parole does not fall outside the statutory parameters of a district court's authority in imposing a sentence and thus the exception in *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979), allowing a defendant to forego making an objection at sentencing to an illegal condition, does not apply.

¶5      We review a criminal sentence for legality only; that is, whether the sentence falls within the statutory parameters. *State v. Kotwicki*, 2007 MT 17, ¶ 5, 335 Mont. 344, ¶ 5, 151 P.3d 892, ¶ 5. We also recognize, however, that some criminal sentences, including those sentences that include probation conditions, require a two-pronged review. This review requires us first to determine whether the sentence falls within the statutory parameters, and if so, we then examine whether the district court abused its discretion in imposing the conditions on probation. *State v. Ashby*, 2008 MT 83, ¶ 9, 342 Mont. 187, ¶ 9, ___ P.3d ___, ¶ 9. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003 that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that settled Montana law controls the outcome.

¶6      We have held that a district court may not impose conditions on parole absent a specific statutory authorization. *State v. Burch*, 2008 MT 118, 342 Mont. 499, ___ P.3d ___.

3

No specific statute authorized the conditions imposed by the District Court on Nava's parole and thus we can address this issue for the first time on appeal pursuant to *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000; s*ee also State v. Garrymore*, 2006 MT 245, ¶ 11, 334 Mont. 1, ¶ 11, 145 P.3d 946, ¶ 11.  The District Court lacked authority to impose a condition on Nava's parole in absence of an express statutory authorization.  *Burch*, ¶ 26.  We strike that condition from Nava's sentence.

¶7      With respect to the condition imposed by the District Court that Nava pay restitution while incarcerated, we note that § 46-18-244(6)(a), MCA, expressly authorizes the Department of Corrections to take a percentage of an offender's income earned while incarcerated to be used to satisfy any existing restitution obligations.  Nava makes no challenge to the statutory authorization contained in § 46-18-244(6)(a), MCA.  Nava instead contends that the District Court conditioned any payment of restitution upon Nava being paroled. We disagree.

¶8      Reversed in part and affirmed in part.


                                                          /S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART


                                          4