DA 10-0356

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 77

RICHARD JAMES NAVA,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
                 In and For the County of Yellowstone, Cause No. DA-09-1007
                 Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Penelope S. Strong, Attorney at Law, Billings, Montana

        For Appellee:

            Steve Bullock, Montana Attorney General, Matthew T. Cochenour,
            Assistant Attorney General, Helena, Montana

            Scott Twito, Yellowstone County Attorney, Billings, Montana

                            Submitted on Briefs:  March 16, 2011

                                    Decided:  April 19, 2011

Filed:

        _____
                        Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Richard James Nava (Nava) appeals the order from the Thirteenth Judicial District, Yellowstone County, denying his Petition for Postconviction Relief (PCR Petition).   We reverse the District Court's conclusion that Nava's PCR Petition was untimely, and we remand to allow Nava to file an amended PCR Petition.

## ISSUES

¶2     A restatement of the issues on appeal is:

1.  Did the District Court err in ruling that Nava's PCR Petition was untimely?

2.  Do the interests of justice require this matter be remanded so that Nava can file an amended PCR Petition?

3.  Did the District Court err by not appointing counsel for Nava before dismissing his PCR Petition?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On December 18, 2006, Nava was convicted of deliberate homicide by a jury. After the District Court sentenced Nava to life in the Montana State Prison, he appealed to this Court the portions of the sentence that imposed restitution as a condition of his parole and required that he pay restitution while incarcerated.   On April 22, 2008, we reversed in part and affirmed in part in *State v. Nava*, 2008 MT 135N.

¶4     On July 21, 2009, Nava filed with the Clerk of the District Court of Yellowstone County (Clerk of Court) a pro se motion requesting that he be allowed to proceed *in forma pauperis*, along with his pro se PCR Petition, supporting affidavits and memorandum.   The Clerk of Court date-stamped Nava's motion, PCR Petition, and all

2

supporting documentation as "received" on July 21, 2009. The District Court subsequently granted Nava's motion to file *in forma pauperis* on July 23, 2009.

¶5 On May 25, 2010, the District Court denied Nava's PCR Petition, concluding that it was untimely and that there was insufficient factual support for his ineffective assistance of counsel assertions. Subsequently, Nava retained counsel. He timely appeals. Additional facts are included below, as necessary.

## STANDARD OF REVIEW

¶6 We review a district court's denial of a postconviction relief petition to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Parrish*, 2010 MT 196, ¶ 8, 357 Mont. 375, 239 P.3d 957.

## DISCUSSION

¶7 *Issue One: Did the District Court err in ruling that Nava's PCR Petition was untimely?*

¶8 Though the District Court acknowledged that Nava's PCR Petition and supporting papers were date-stamped by the Clerk of Court on July 21, 2009, it reasoned that the operative date for filing purposes was actually July 23, 2009, the date Nava's motion to proceed *in forma pauperis* was granted. Because July 21, 2009, was the last day Nava could have filed a timely PCR petition, the court concluded his PCR Petition was time-barred. Nava asserts his PCR Petition was timely when filed on July 21, 2009, and that the timing of the order on his *in forma pauperis* motion does not alter that fact. The State seems to acquiesce in Nava's position on this issue because, in its answer brief, the

3

State does not argue otherwise, asserting only that we need not address this issue. We agree with Nava that his PCR Petition was not time-barred.

¶9 The District Court erred in ruling Nava's PCR Petition was untimely, given plain, unambiguous statutory language to the contrary. Section 25-10-404(2), MCA, clearly states:

> If a judge or presiding officer of an administrative tribunal is not available to approve a request for a waiver of fees prior to filing a pleading, the pleading *must be filed subject to subsequent approval*. If the request is subsequently denied, the fees must be paid before the case may proceed further. (Emphasis added.)

M. R. Civ. P. 5(e) further articulates that:

> **Filing with the court defined.** The filing of papers with the court as required by these rules *shall be made by filing them with the clerk of the court,* except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk. (Emphasis added.)

The language of these authorities is not ambiguous. When Nava delivered his PCR Petition and supporting documents to the Clerk of Court, who immediately date-stamped them as "filed" on July 21, 2009, Nava successfully filed his PCR Petition within one year from the date his conviction was final. That the District Court did not grant Nava's motion to proceed *in forma pauperis* until two days after he had filed his PCR Petition with the Clerk of Court does not invalidate Nava's timely filing. The District Court erred in concluding otherwise.

¶10 *Issue Two: Do the interests of justice require this matter be remanded so that Nava can file an amended PCR Petition?*

4

¶11 Although the District Court ruled Nava's PCR Petition was untimely, it nonetheless proceeded to determine that the PCR Petition was also defective because it failed to set forth supporting facts as required by § 46-21-104(1)(c), MCA. Nava argues that this Court must look at his pleadings as a whole, and not foreclose his right to pursue postconviction relief simply because he inserted the facts supporting his claims into his simultaneously filed supporting memorandum, rather than directly into the PCR Petition. He urges us to grant him a narrow remedy—to remand his case for the purpose of allowing him to amend his PCR Petition once, as permitted by § 46-21-105(1)(a), MCA. The State argues we should affirm the District Court's denial of Nava's PCR Petition because he did not adhere to the procedural requirements set out in the postconviction relief statutes. The State argues in the alterative that if we consider Nava's pleadings in the totality, he did not present a colorable ineffective assistance of counsel claim.

¶12 We have held, as the State argues, that § 46-21-104(1)(c), MCA, "sets forth a specific list of items that **must** be a part of every petition for postconviction relief," *State v. Finely*, 2002 MT 288, ¶ 13, 312 Mont. 493, 59 P.3d 1132 (emphasis in original), and we have repeatedly denied postconviction relief petitions that fail to meet this procedural threshold. *Id.* (citing *State v. Wright*, 2001 MT 282, [¶¶ 31, 37,] 307 Mont. 349, 42 P.3d 753; *State v. Hanson*, 1999 MT 226, [¶¶ 23-24,] 296 Mont. 82, 988 P.2d 299; *State v. Sullivan*, 285 Mont. 235, [240,] 948 P.2d 215, [218-19] (1997)). However, the State's assertion that we should affirm the District Court because Nava attached his recitation of facts to the memorandum rather than the PCR Petition is an elevation of form over substance. *See* § 1-3-219, MCA ("The law respects form less than substance.").

¶13   In this case, Nava seeks leave to amend his PCR Petition with the assistance of counsel, and to file a postconviction relief petition that meets procedural requirements. Section 46-21-105(1)(a), MCA, specifically permits postconviction relief petitions to be amended once.  Petitions for postconviction relief are civil in nature, and consistent with M. R. Civ. P. 15(a), leave to amend should be freely granted when justice so requires. *Kills on Top v. State,* 279 Mont. 384, 391, 928 P.2d 182, 187 (1996).  The State has set forth no justifiable reason for denying Nava the opportunity to amend his PCR Petition. A motion to amend with the assistance of counsel should eliminate any procedural deficiencies and allow the District Court to determine, in the interest of justice, whether Nava's amended PCR Petition merits further consideration.

¶14   We do not compel the District Court to grant the amended petition.  We only grant Nava leave to amend his PCR Petition, which will then be duly considered by the District Court.  Because we are granting Nava leave to file an amended PCR Petition with the District Court, we decline to weigh in on the merits of the ineffective assistance of counsel claims raised in his original PCR Petition.

¶15   *Issue Three:  Did the District Court err by not appointing counsel for Nava before dismissing his PCR Petition?*

¶16   We decline to address this issue because, as Nava concedes in his opening brief, it is mooted by the fact that he has now retained counsel.

**CONCLUSION**

¶17   For the foregoing reasons, we conclude the District Court erred in denying Nava's PCR Petition.  We reverse the District Court's determination that Nava's PCR Petition

6

was untimely and procedurally deficient, and remand with instruction to allow Nava to file an amended PCR Petition with the assistance of counsel.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ BETH BAKER

7