DA 13-0524

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 236N

JEFFREY LYNN HARDMAN,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Stillwater, Cause No. DV 13-46
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Jeffrey L. Hardman, self-represented, Shelby, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

            John Petak, III, Stillwater County Attorney, Columbus, Montana

Submitted on Briefs:  August 13, 2014
Decided:  September 2, 2014

Filed:

_____
                      Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Jeffrey Hardman appeals from the Twenty-Second Judicial District Court's denial of his petition for postconviction relief. Hardman argues that the court erred by denying his petition summarily without ordering a response or allowing him the opportunity to cure deficiencies by amendment. We reverse and remand for the District Court to order a response to Hardman's allegations of ineffective assistance of trial and appellate counsel.

¶3 Hardman was convicted of deliberate homicide and tampering with evidence in connection with the October 2009 shooting death of Hardman's neighbor, Michael Blattie. The District Court sentenced Hardman to 110 years in prison with no parole eligibility for thirty years. Hardman appealed, raising claims of error with respect to numerous evidentiary rulings the District Court made during trial. This Court affirmed his conviction. *State v. Hardman*, 2012 MT 70, 364 Mont. 361, 276 P.3d 839.

¶4 Hardman filed his *pro se* postconviction petition on June 27, 2013. On August 2, 2013, the District Court entered an order rejecting Hardman's petition on the ground that he had provided only conclusory allegations that his counsel were ineffective. The court concluded that Hardman had failed to provide specific facts supporting the grounds for relief set forth in his petition and that his affidavit failed to identify evidence establishing the existence of those facts, as required by § 46-21-204(1)(c), MCA. On August 12, 2013,

2

Hardman filed a motion for appointment of counsel. He filed his notice of appeal with this Court on August 14 and a motion for reconsideration with the District Court on August 21, 2013. As Hardman's motions were filed after the order denying his petition, we consider only whether the District Court properly dismissed Hardman's petition for failure to comply with § 46-21-104(1)(c), MCA.

¶5 We review a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Nava v. State*, 2011 MT 77, ¶ 6, 360 Mont. 96, 255 P.3d 53. Section 46-21-201(1)(a), MCA, provides in pertinent part that, "[u]nless the petition and the files and records of the case conclusively show that the petitioner is not entitled to relief, the court shall cause notice of the petition to be sent to the county attorney in the county in which the conviction took place and to the attorney general and order that a responsive pleading be filed." Once it has reviewed the response, "the court may dismiss the petition as a matter of law for failure to state a claim for relief or it may proceed to determine the issue." The State argues that the District Court properly dismissed Hardman's petition without requiring a response because his claims rested entirely on his handwritten affidavit "with simply his own conclusory beliefs about what his counsel failed to do."

¶6 Section 46-21-104(1)(c), MCA, "'sets forth a specific list of items that **must** be a part of every petition for postconviction relief.'" *Nava*, ¶ 12 (quoting *State v. Finley*, 2002 MT 288, ¶ 13, 312 Mont. 493, 59 P.3d 1132). Ineffective assistance of counsel claims "must be grounded upon facts which appear in or are easily deduced from the record and which go beyond the mere conclusory allegations in the defendant's affidavit." *Kelly v. State*, 2013

3

MT 21, ¶ 9, 368 Mont. 309, 300 P.3d 120.  A District Court "elevat[es] form over substance," however, if it dismisses a petition because the required facts are recited in the petitioner's memorandum rather than in the affidavit. *Nava*, ¶ 12.  Hardman's handwritten affidavit in support of his petition, submitted on the form provided to prison inmates, was accompanied by a twenty-five page typewritten memorandum setting forth six separate grounds for relief.  Although many of his claims properly were rejected because they could have been presented on direct appeal (§ 46-21-105(2), MCA; *Bullman v. State*, 2014 MT 78, ¶ 12, 374 Mont. 323, 321 P.3d 121), Hardman also raised a number of claims of ineffective assistance of counsel, both at trial and on appeal.  Hardman also raised a claim for "actual innocence," arguing that the result of his trial would have been different but for counsel's deficient performance.

¶7     Hardman's petition claimed both record- and non-record-based claims that his trial counsel were ineffective.  For example, he asserted that counsel failed to call several specific named witnesses and the substance of what Hardman believed they would have testified.  He also asserted that appellate counsel was ineffective for failing to raise the record-based ineffective assistance claims on appeal.  We conclude that these claims, none of which could have been presented on direct appeal or supported by evidence from the trial record, were pled sufficiently to meet the pleading requirements of § 46-21-104(1), MCA.  While we express no view as to the merit of any of Hardman's claims, the District Court should have obtained a response from the State in order to properly evaluate whether further proceedings on the petition were warranted.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court improperly dismissed Hardman's petition for procedural irregularities. On remand, the court is directed to obtain a response from the State as to Hardman's claims of ineffective assistance of trial and appellate counsel and the related "actual innocence" claim. Upon its review of the responsive pleading, "the court may dismiss the petition as a matter of law for failure to state a claim for relief or it may proceed to determine the issue" in accordance with the statutes governing postconviction relief. Section 46-21-201(1)(a), MCA. We affirm the District Court's dismissal of Hardman's claims regarding unnecessary delay in his initial appearance, police misconduct, and prosecutorial misconduct.

¶9     Affirmed in part, reversed in part, and remanded for further proceedings.


/S/ BETH BAKER

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE