FILED

05/23/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0470

DA 16-0470

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 120N

ALLEN J. POTTER,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-16-342
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Allen James Potter, Self-Represented, Shelby, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant Attorney General, Helena, Montana

          Kirsten Pabst, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  April 5, 2017

Decided:  May 23, 2017

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1  Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2  Allen J. Potter appeals an order of the Fourth Judicial District Court, Missoula County, dismissing Potter's petition for postconviction relief for failure to state a claim for relief. We address whether the District Court erred by dismissing Potter's petition. We affirm.

¶3  On August 24, 2006, Potter was convicted of felony aggravated assault, and was designated as a Persistent Felony Offender (PFO). After reviewing a presentence investigation report (PSI), the District Court sentenced Potter to twenty years without possibility of parole for the assault, and an additional fifty years with twenty suspended as a PFO. Following the sentencing, Potter filed his first petition for postconviction relief for ineffective assistance of counsel, but the case was dismissed for failure to state a claim. On March 15, 2013, Potter petitioned for a writ of habeas corpus in which he claimed the State incorrectly sentenced him by giving him a PFO sentence *and* a sentence for the aggravated assault to be served consecutively, rather than a single PFO sentence. The State conceded the argument, and we granted the writ and remanded the case for the sole purpose of correcting Potter's sentence. On remand, the District Court held a resentencing hearing and imposed a seventy-year PFO sentence with twenty years

2

suspended. On April 13, 2016, Potter filed a second petition for postconviction relief, again asserting ineffective assistance of counsel. Potter's petition was denied, and he timely appealed.

¶4     We review petitions for postconviction relief to determine whether the district court's findings of fact are clearly erroneous, and whether the district court's conclusions of law are correct. *State v. Evert*, 2007 MT 30, ¶ 12, 336 Mont. 36, 152 P.3d 713.

¶5     Potter's second petition for postconviction relief once again claims ineffective assistance of counsel, this time alleging his attorney failed to address how the relationship between Potter and the victim was relevant to the sentencing, and failed to call an expert witness to discuss how Potter's relationship with the victim impacted his emotional state. The State argues Potter's petition fails to state a claim for relief and that we should affirm the District Court's dismissal of Potter's petition. We agree.

¶6     Petitions for postconviction relief must be based on something more than "mere conclusory allegations." *Kelly v. State*, 2013 MT 21, ¶ 9, 368 Mont. 309, 300 P.3d 120. Section 46-21-104, MCA, details the requirements for a petition for postconviction relief:

> (1)  The petition for postconviction relief must:
>         (a) identify the proceeding in which the petitioner was convicted, give the date of the rendition of the final judgment complained of, and clearly set forth the alleged violation or violations;
>         (b)  identify any previous proceedings that the petitioner may have taken to secure relief from the conviction; and
>         (c)  identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts.

We have previously held that § 46-21-104(1)(c), MCA, "sets forth a specific list of items that **must** be a part of every petition for postconviction relief." *Nava v. State*, 2011 MT

3

77, ¶ 12, 360 Mont. 96, 255 P.3d 53 (quoting *State v. Finley*, 2002 MT 288, ¶ 13, 312 Mont. 493, 59 P. 3d 1132) (emphasis in original). Failure to comport with the requirements of § 46-21-104, MCA, is grounds for dismissal without an evidentiary hearing. *Herman v. State*, 2006 MT 7, ¶ 15, 330 Mont. 267, 127 P.3d 422.

¶7 The District Court concluded Potter failed to state a claim for relief. Potter's petition contained no attached affidavits, records, or other evidence establishing the existence of those facts that would support his allegations of ineffective assistance of counsel. As such, his petition was not in compliance with the necessary requirements set out in § 46-21-104, MCA, and therefore failed to state a claim for relief. Moreover, any attempt by Potter to resurrect his issues with the PSI falls well outside the scope of our remand. The District Court did not err in dismissing Potter's postconviction petition.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's findings of fact were not clearly erroneous and its interpretation and application of the law was correct. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE