No. 04-054

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 7

DALLAS C. HERMAN,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DV-03-266C
                    Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Chad Wright, Chief Appellate Defender, Helena, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; John Paulson,
        Assistant Attorney General, Helena, Montana

        Ed Corrigan, Flathead County Attorney, Kalispell, Montana

                    Submitted on Briefs:  September 28, 2004

                             Decided:  January 10, 2006

Filed:

                   _____
                                 Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Dallas C. Herman appeals from the Order entered by the Eleventh Judicial District Court, Flathead County, dismissing his petition for postconviction relief. We affirm.

¶2 The restated issues on appeal are:

¶3 1. Did the District Court err in dismissing the claims in Herman's petition for postconviction relief pursuant to §§ 46-21-104(1)(c) and -201(1)(a), MCA?

¶4 2. Did the District Court abuse its discretion by failing to hold an evidentiary hearing on Herman's petition?

¶5 3. Did the sentencing court err in imposing restitution as part of Herman's sentence?

## BACKGROUND

¶6 In early 2001, the State of Montana charged Herman with the felony offense of robbery. Herman and the State entered into a plea agreement in August of 2001, pursuant to which Herman agreed to plead guilty to the felony offense of conspiracy to commit robbery, which carries a maximum prison term of 40 years. In exchange for Herman's guilty plea to that offense, the State agreed to recommend a sentence which included restitution, a 20-year prison term with 7 years suspended, and parole eligibility conditioned upon completing a particular chemical dependency treatment program.

¶7 At the change of plea hearing, Herman testified about his involvement in an agreement to rob a casino and his reasons for pleading guilty. Determining Herman knowingly and voluntarily pled guilty and provided a sufficient factual basis to support the plea, the trial court convicted him of conspiracy to commit robbery.

2

¶8     At the sentencing hearing, the trial court stated its intent to deviate from the sentencing recommendation in the plea agreement by sentencing Herman to 20 years imprisonment with 13 years suspended, a 3½-year parole eligibility restriction conditioned on completion of an unspecified chemical dependency treatment program, and the above-referenced restitution and other terms. The court afforded Herman an opportunity to consult with counsel and withdraw his guilty plea; he declined and the court sentenced him accordingly.

¶9     Herman appealed, claiming only that the written sentence did not conform to the oral pronouncement of sentence. In an order dated November 26, 2002, in Supreme Court cause number 01-907, we noted the State had conceded the point and remanded. On remand, an amended judgment and sentence was entered and Herman did not appeal.

¶10    Herman subsequently filed a *pro se* petition for postconviction relief and a 35-page "brief" with attached documents. The three-page petition set forth a list of ten ineffective assistance of counsel claims, followed by a paragraph in which Herman claimed that, "due to the duress of imprisonment, severe amounts of stress, and insufficient legal representation," he "ma[d]e an improper decision to plead guilty." The petition cited to police reports attached to his brief, as well as to portions of the underlying record that were not attached. The brief included several factual allegations and at least one claim not contained in the petition; it cross-referenced several factual assertions to the attached materials.

¶11    Herman also petitioned this Court for a writ of habeas corpus, challenging the restitution imposed as part of his amended sentence. We ordered that the habeas corpus

3

petition be filed in the District Court as a petition for postconviction relief, and the District Court allowed Herman to add the restitution issue to his previously filed petition.

¶12 The District Court ordered, and the State filed, a response to Herman's petition for postconviction relief. Thereafter, the court dismissed Herman's petition without a hearing. It determined all of Herman's ineffective assistance of counsel claims could have been raised on direct appeal; his factual allegations were not adequately supported by affidavits, records or other evidence; and his plea agreement and testimony at the change of plea hearing "clearly would not support a finding of ineffective assistance of counsel." It acknowledged, but declined to consider, an affidavit submitted by Herman's former counsel. The District Court did not address the restitution issue, although it noted in reciting the background of the case that another claim had been added to the petition for postconviction relief. Herman appeals, represented by the Appellate Defender. We set forth additional facts below.

## STANDARDS OF REVIEW

¶13 A district court may dismiss a petition for postconviction relief as a matter of law, and we review a court's conclusions of law for correctness. *See State v. Finley*, 2002 MT 288, ¶ 7, 312 Mont. 493, ¶ 7, 59 P.3d 1132, ¶ 7 (citations omitted). We review a court's decision regarding whether to hold an evidentiary hearing in a postconviction proceeding for abuse of discretion. *See Thurston v. State*, 2004 MT 142, ¶ 8, 321 Mont. 411, ¶ 8, 91 P.3d 1259, ¶ 8 (citation omitted).

## DISCUSSION

¶14 *1. Did the District Court err in dismissing the claims in Herman's petition for postconviction relief pursuant to §§ 46-21-104(1)(c) and -201(1)(a), MCA?*

4

¶15    A petition for postconviction relief must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA. A court may dismiss a petition for postconviction relief without holding an evidentiary hearing if the procedural threshold set forth in § 46-21-104(1)(c), MCA, is not satisfied. *See Finley*, ¶¶ 9-10 (citations omitted). In addition, a district court may dismiss a petition for postconviction relief without ordering a response if the petition, files and records "conclusively show that the petitioner is not entitled to relief"; alternatively, it may order a response and, after reviewing the response, "dismiss the petition as a matter of law for failure to state a claim for relief or it may proceed to determine the issue." Section 46-21-201(1)(a), MCA.

¶16    After reviewing the State's response, the District Court dismissed Herman's petition without a hearing. It reasoned, in part, that Herman had not satisfied the requirement of § 46-21-104(1)(c), MCA, to provide attachments establishing the existence of facts supporting the grounds for relief set forth in his petition. The court also determined the record did not support Herman's ineffective assistance of counsel claims.

¶17    On appeal, Herman asserts he "made a valiant effort" to meet the "attachments" requirement of § 46-21-104(1)(c), MCA, and the District Court "ignored the volume and content" of his attachments and "set an impossible standard" for meeting that requirement. Section 46-21-104(1)(c), MCA, does not require volume; it requires that a petition identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records or other evidence establishing those identified facts. Thus, our inquiry

5

regarding § 46-21-104(1)(c), MCA, is whether Herman's attachments establish identified facts supporting the claims, or grounds for relief, set forth in his petition for postconviction relief.

¶18 Herman's petition for postconviction relief asserted trial counsel was ineffective for: (a) failing to raise constitutional issues; (b) failing to raise the issue of bond reduction or pretrial release; (c) failing to object to *Brady* violations; (d) allowing known false statements to be used as evidence; (e) failing to move for dismissal or an evidentiary hearing about another suspect; (f) allowing the State to suppress tire track evidence; (g) failing to relay to Herman evidence gathered by counsel or the retained investigator; (h) failing to help Herman obtain medical assistance for anxiety; (i) allowing Herman to plead to a moot charge; and (j) allowing a speedy trial violation. As mentioned above, Herman asserted in a separate paragraph that the "duress of imprisonment, severe amounts of stress, and insufficient legal representation caused him to falter, and make an improper decision to plead guilty."

¶19 On appeal, Herman contends he made "eight claims of error that lead [sic] to his guilty plea" and provides a list that corresponds with the table of contents in his District Court brief, including one general ineffective assistance of counsel claim and seven purported stand-alone claims. We note § 46-21-104(1)(a), MCA, requires that the petition-- not the supporting brief--must "clearly set forth the alleged . . . violations[.]" The supporting brief or memorandum is where legal arguments, citations and a discussion of the legal authorities must be advanced. Section 46-21-104(2), MCA.

6

¶20    Regardless of whether the claims appeared in the petition or in the table of contents of the supporting brief, it is well-established that a person who has pled guilty to an offense generally may challenge only the knowing and voluntary nature of the plea.  This is because a valid guilty plea constitutes a waiver of nonjurisdictional defects and defenses which occurred prior to the entry of the plea.  *See, e.g.*, *Ellenburg v. Chase*, 2004 MT 66, ¶ 21, 320 Mont. 315, ¶ 21, 87 P.3d 473, ¶ 21 (citation omitted).

¶21    Persons who have pled guilty to criminal offenses may also pursue ineffective assistance of counsel claims, however.  *See, e.g.*, *State v. Henderson*, 2004 MT 173, ¶¶ 3-17, 322 Mont. 69, ¶¶ 3-17, 93 P.3d 1231, ¶¶ 3-17.  Generally, in the context of a guilty plea, an individual asserting ineffective assistance of counsel may establish prejudice by demonstrating a reasonable probability that, but for errors by counsel, he or she would not have pled guilty and would have insisted on going to trial.  *Henderson*, ¶ 9 (citation omitted).  By pleading guilty, Herman waived his right to challenge matters--including the seven stand-alone claims set forth in the table of contents of his District Court brief--which occurred prior to the guilty plea and are unrelated to the knowing or voluntary nature of his plea or his ineffective assistance of counsel claims.

¶22    Herman does not substantively argue on appeal that the District Court improperly dismissed the following claims pursuant to §§ 46-21-104(1)(c) or -201(1)(a), MCA: counsel's alleged performance in relation to an asserted *Brady* violation; counsel's alleged failure to relay all evidence obtained by counsel or the defense's investigator regarding another person's possession of some robbery proceeds and a shotgun; and counsel's

performance in relation to the allegedly moot conspiracy charge. In addition, Herman does not address counsel's alleged failure to raise "constitutional issues," other than arguments related to more specific claims addressed below. We do not consider unsupported arguments; nor do we have an obligation to formulate arguments or locate authorities for parties on appeal. *See State v. Kearney*, 2005 MT 171, ¶ 16, 327 Mont. 485, ¶ 16, 115 P.3d 214, ¶ 16 (citation omitted). Therefore, we decline to address these ineffective assistance of counsel claims.

¶23 Several of Herman's arguments on appeal relate to whether he provided sufficient attachments to support what he characterizes as "weaknesses in the state's case." These "weaknesses" roughly correspond to some of the seven stand-alone claims set forth in the table of contents to Herman's District Court brief which, as stated above, Herman waived by pleading guilty. *See Ellenburg*, ¶ 21 (citation omitted). Furthermore, absent a trial, we cannot know what the evidence would have been and, consequently, any assertion that the State could not prove all elements of the crime is mere speculation. *See State v. Graham*, 2002 MT 237, ¶ 13, 311 Mont. 500, ¶ 13, 57 P.3d 54, ¶ 13. Therefore, we decline to address asserted "weaknesses" in the State's anticipated evidence as stand-alone claims.

¶24 Herman's assertions of "weaknesses" in the State's case might conceivably relate, however, to his ineffective assistance of counsel claims that counsel failed to move for dismissal of the charges or an evidentiary hearing regarding another suspect, "allowed known false statements to be used as evidence"--even though no trial occurred and nothing was offered into evidence, and "allowed the State to suppress evidence of other tire tracks

8

known to be at or around the crime scene"--apparently referring to law enforcement's alleged failure to photograph tire tracks left by the bartender's car, her boyfriend's car and a patron's car. Herman provides no authority, as required by Rule 23(a)(4), M.R.App.P., for the proposition that counsel reasonably should have, or even could have, challenged evidence before trial in any manner other than through the motions counsel actually filed, such as the *Brady* motion to obtain witnesses' criminal histories and the motion to suppress photographic evidence. Nor does Herman provide authority for the proposition that an individual who has pled guilty to an offense may establish ineffective assistance of counsel merely by demonstrating "weaknesses" in the anticipated evidence. Thus, it is unnecessary to analyze whether Herman's attachments established the identified facts supporting his "evidence"-related ineffective assistance of counsel claims. We conclude dismissal of those claims was appropriate pursuant to the "failure to state a claim for relief" standard in § 46-21-201(1)(a), MCA.

¶25 Herman also advances arguments that relate primarily to the separate one-paragraph claim in his petition that he pled guilty due to "insufficient legal representation" and his assertion that the District Court erred in concluding his attached materials were insufficient under § 46-21-104(1)(c), MCA, in this regard. Specifically, he contends his letters to counsel demonstrate counsel's "unresponsiveness," letters from his mother and sister and his letters to his sister show he was attempting to find legal information, and his letter to his sister and an unsworn online ACLU complaint form establish that he told his sister and the

9

ACLU that counsel had told him he would "get hammered" if he went to trial. We address these assertions in turn.

¶26    Regarding Herman's argument that his attachments demonstrate counsel was "unresponsive," his attached letters to counsel establish nothing at all about counsel's responsiveness. His claim that counsel did not assist him in obtaining medical assistance is similarly unsupported. We conclude, pursuant to the "attachments" requirement of § 46-21-104(1)(c), MCA, that the District Court correctly dismissed the claim that Herman pled guilty due to "insufficient legal representation" based on counsel's alleged unresponsiveness and failure to assist him in obtaining medical help.

¶27    Herman's argument that his attachments show he requested assistance in conducting legal research is correct. He provides no authority, however, as required by Rule 23(a)(4), M.R.App.P., for the proposition that a person can establish ineffective assistance of counsel simply by demonstrating he or she performed or sought independent legal research. Thus, we conclude that, insofar as Herman's "insufficient legal representation" claim is based on the factual assertion that he conducted, sought or obtained independent legal research, that claim was properly dismissed pursuant to § 46-21-201(1)(a), MCA, for failure to state a claim for relief.

¶28    We next consider Herman's argument that his attached letter to his sister and the unsworn online ACLU complaint form show he told others that counsel had advised him he would "get hammered" if he went to trial. These attachments establish, at most, that he told others about counsel's alleged advice; they do not establish that trial counsel actually made

10

the "get hammered" statement. Thus, we conclude the District Court correctly determined Herman did not meet the "attachments" requirement of § 46-21-104(1)(c), MCA, with respect to this alleged statement and Herman's related "insufficient legal representation" claim.

¶29 Moreover, with regard to the "get hammered" statement and alleged advice from counsel that a pending suppression motion likely would be denied, Herman neither argues nor advances authority for the proposition that relaying unfavorable information to a client and evaluating a case in light of the evidence could constitute ineffective assistance of counsel. Rule 1.4(a)(3) of the Montana Rules of Professional Conduct provides that counsel is obligated to keep a client informed about the status of a matter. Moreover, criminal defense counsel has a duty to inform his or her client of the elements of the offense, the possible punishment and the advisability of a plea agreement. *State v. Thee*, 2001 MT 294, ¶ 13, 307 Mont. 450, ¶ 13, 37 P.3d 741, ¶ 13 (citation omitted). Therefore, we conclude Herman's "insufficient legal representation" claim, insofar as it relates to the alleged "get hammered" statement and advice regarding the motion, was properly dismissed pursuant to § 46-21-201(1)(a), MCA, for failure to state a claim for relief.

¶30 Finally, several of Herman's arguments on appeal relate, directly or indirectly, to the claims in his petition that he pled guilty due to "severe amounts of stress" and that counsel was ineffective for failing to move for bond reduction or release and for allowing a speedy trial violation. Specifically, he contends his attachments establish he suffered anxiety.

11

¶31 We need not address whether Herman met the "attachments" requirement of § 46-21-104(1)(c), MCA, in establishing that he suffered anxiety at the time of his plea, because the record supports that fact. At his sentencing hearing, which occurred approximately one month after his guilty plea, Herman testified, "I have been drug-free--I am on medication right now for anxiety, but that's nothing really serious." Moreover, we often have recognized that anxiety and concern are inherent in being charged with a crime. *See, e.g.*, *State v. Jefferson*, 2003 MT 90, ¶ 32, 315 Mont. 146, ¶ 32, 69 P.3d 641, ¶ 32 (citation omitted).

¶32 Our inquiry does not end there, however, because Herman's main anxiety-related claim was that he pled guilty due to the duress of incarceration, not simply that he suffered anxiety. In his attached letters to his sister and in one letter to counsel, Herman mentioned his anxiety, once characterizing it as "way past normal amounts and . . . closing on out of controll [sic]!" He did not, however, attach any medical records, affidavits or other evidence to establish that his anxiety compromised his ability to plead guilty or, despite anxiety medication, affected him when he declined the District Court's offer to withdraw his guilty plea at his sentencing hearing. Therefore, we conclude the District Court properly dismissed Herman's main anxiety claim--that he pled guilty due to the duress of incarceration--for failure to meet the "attachments" requirement of § 46-21-104(1)(c), MCA.

¶33 With regard to Herman's claim that counsel failed to move for a bond reduction or pretrial release, he could only succeed with this claim by demonstrating his plea resulted from that alleged failure. *See Henderson*, ¶ 9. The only possible relationship between

12

counsel's alleged failure to move for a bond reduction and the guilty plea is Herman's assertion that he suffered incarceration-related anxiety that caused him to plead guilty. We have already determined, however, that Herman did not meet the requirements of § 46-21-104(1)(c), MCA, with respect to establishing he pled guilty due to anxiety resulting from incarceration. Thus, because Herman has not established his guilty plea resulted from anxiety, he similarly cannot establish that counsel's alleged failure to move for a bond reduction related to his initial guilty plea or his decision to proceed with the guilty plea when the District Court afforded him the opportunity to withdraw it. We conclude, pursuant to § 46-21-104(1)(c), MCA, that the District Court properly dismissed the ineffective assistance of counsel claim for failure to move for bond reduction or pretrial release.

¶34    Regarding the claim that counsel was ineffective in failing to assert a speedy trial violation, Herman argues on appeal that the procedural bar of § 46-21-105(2), MCA--which prohibits petitioners from raising, and courts from addressing, matters that reasonably could have been raised on direct appeal--does not apply because counsel's reasons for acting or failing to act are not of record; his "allegations about speedy trial violations involved previously unknown descriptions of anxiety and stress"; and he provided sufficient attachments, as required by § 46-21-104(1)(c), MCA, to support his "allegations about speedy trial violations." As noted above, Herman waived his right to raise a speedy trial violation as a stand-alone claim when he pled guilty. *See Ellenburg*, ¶ 21.

¶35    Insofar as Herman's arguments on appeal refer to his "speedy trial" ineffective assistance of counsel claim, the relevant factual contentions in his District Court brief were

13

that counsel had advised him "that in the State of Montana, Speedy Trial is within 274 or 276 days, not 180 days"; Herman took what he considered to be a tactical plea "after realizing that his court appointed attorney was not defending his client's constitutional rights"; and Herman did not agree when trial counsel moved to continue an imminent trial date because of late-received evidence from the crime lab, with the delay attributed to the State for speedy trial purposes. Other than the attached letters referring to anxiety, mentioned above, Herman provided no attachments to support these specific factual contentions about himself and counsel, as required by § 46-21-104(1)(c), MCA. The only possibly relevant attachment is Herman's letter to counsel, written approximately 195 days after his arrest and 19 days before he pled guilty, in which he described his anxiety and raised the issue of a possible speedy trial violation. This letter provides no support for his factual allegations and, indeed, clarifies Herman was aware of his counsel's failure to assert a speedy trial violation at the time he pled guilty and testified he was satisfied with counsel's services. We conclude the District Court properly dismissed the "speedy trial" ineffective assistance of counsel claim pursuant to § 46-21-104(1)(c), MCA.

¶36    We hold the District Court did not err in dismissing the claims in Herman's petition for postconviction relief pursuant to §§ 46-21-104(1)(c) and -201(1)(a), MCA.

¶37    *2. Did the District Court abuse its discretion by failing to hold an evidentiary hearing?*

¶38    The District Court dismissed Herman's petition, pursuant to §§ 46-21-104(1)(c) and -201(1)(a), MCA, without an evidentiary hearing. As stated above, a court may dismiss a claim without a hearing for failure to meet the procedural threshold of § 46-21-104(1)(c),

14

MCA. *See Finley*, ¶¶ 9-10. Furthermore, a court may, after reviewing an ordered responsive pleading, "dismiss the petition as a matter of law for failure to state a claim for relief[.]" Section 46-21-201(1)(a), MCA.

¶39 On appeal, Herman does not assert error in our determination in *Finley*, ¶¶ 9-14, that a district court may dismiss a petition without a hearing for failure to meet the "attachments" procedural threshold of § 46-21-104(1)(c), MCA. Therefore, pursuant to *Finley*, ¶¶ 9-14, we conclude no hearing was required to dismiss the claims discussed above that did not meet the "attachments" requirement of § 46-21-104(1)(c), MCA.

¶40 Herman contends, however, that he was entitled to further prosecute his other claims because the "failure to state a claim for relief" standard set forth in § 46-21-201(1)(a), MCA, is nearly identical to the Rule 12(b)(6), M.R.Civ.P., provision allowing a complaint to be dismissed for failure to state a claim upon which relief can be granted. He asserts Rule 12(b)(6), M.R.Civ.P., standards--that allegations in a petition for postconviction relief must be taken as true and construed in a light most favorable to the petitioner--apply, and that applying Rule 12(b)(6), M.R.Civ.P., standards is not inconsistent with the postconviction statutes.

¶41 Recognizing that we recently rejected an identical argument in *Ellenburg*, ¶¶ 11-12, Herman asserts that opinion leaves the standard for reviewing a petition for postconviction relief in a "state of confusion." We disagree.

¶42 In *Ellenburg*, ¶ 11, a petitioner for postconviction relief argued on appeal that the standard for dismissing a petition for postconviction relief without a hearing was identical

15

to the standard for dismissing a civil complaint pursuant to Rule 12(b)(6), M.R.Civ.P. He further asserted that, for that reason, we were required to construe his petition in the light most favorable to him and take the factual allegations in his petition as true. *Ellenburg*, ¶ 11.

¶43 Addressing this argument, we observed that, pursuant to § 46-21-201(1)(c), MCA, the rules of civil procedure apply in postconviction proceedings only if they are consistent with the express provisions of the postconviction statutes. *See Ellenburg*, ¶ 12. We noted that, "[u]nlike civil complaints, the postconviction statutes are demanding in their pleading requirements." We pointed to § 46-21-104(1), MCA, which requires, among other things, that a petition for postconviction relief "clearly set forth the alleged . . . violations" and include attachments establishing identified facts supporting the grounds for relief. We also observed § 46-21-104(2), MCA, states that a petition--unlike a civil complaint--must be accompanied by a supporting memorandum. *See Ellenburg*, ¶ 12. We concluded that, "because the testing of the sufficiency of postconviction claims is directed by the more specific provisions of the postconviction statutes, the traditional civil law standards for testing the sufficiency of claims is [sic] unavailable to postconviction petitioners." *Ellenburg*, ¶ 12.

¶44 In asserting *Ellenburg* creates "confusion" about postconviction proceedings, Herman highlights our statement in *Ellenburg*, ¶ 12, that a petitioner for postconviction relief has the burden of proving by a preponderance of the evidence that he or she is entitled to relief. He correctly notes that burden of proof applies in both traditional civil cases and postconviction

16

proceedings. Indeed, there may be other instances in which the rules of civil procedure are *not* inconsistent with the statutes controlling postconviction proceedings. Our reasoning in *Ellenburg*, however, was that the express statutory requirements set forth in § 46-21-104, MCA, significantly exceed--and are inconsistent with--the mere notice pleading require-ments for an ordinary complaint in a civil action. *See* Rule 8(a), M.R.Civ.P.; *Kunst v. Pass*, 1998 MT 71, ¶ 35, 288 Mont. 264, ¶ 35, 957 P.2d 1, ¶ 35 (citations omitted).

¶45 Dismissals for "failure to state a claim" in postconviction proceedings also differ from those in ordinary civil cases because, pursuant to the clear language of § 46-21-201(1)(a), MCA, a district court may dismiss a petition for postconviction relief after reviewing the record. By contrast, a court generally may consider only the contents of a civil complaint--and nothing more--in addressing a motion to dismiss pursuant to Rule 12(b)(6), M.R.Civ.P., for failure to state a claim. *See Stokes v. State ex rel. Dep. of Transp.*, 2005 MT 42, ¶ 7, 326 Mont. 138, ¶ 7, 107 P.3d 494, ¶ 7 (citation omitted). Applying § 46-21-201(1)(c), MCA, we conclude again--as we did in *Ellenburg*--that Rule 12(b)(6), M.R.Civ.P., standards do not apply to dismissals of petitions for postconviction relief for failure to state a claim because they are inconsistent with the more specific requirements of §§ 46-21-104 and -201(1)(a), MCA.

¶46 We address other tangential arguments only briefly. Relying on *Cooper v. State* (Idaho 1975), 531 P.2d 1187, Herman asserts other jurisdictions apply Rule 12(b)(6), M.R.Civ.P., standards in postconviction proceedings. *Cooper*, a three-decades-old decision

17

from another jurisdiction, does not address Montana's postconviction statutes and is not persuasive. Our recent decision in *Ellenburg* is controlling authority in Montana.

¶47 Next, Herman sets forth cases in which we have noted a district court's application of Rule 56(c), M.R.Civ.P., summary judgment standards in postconviction proceedings. He asserts that, because Rules 12(b)(6) and 56(c), M.R.Civ.P., are "intertwined," Rule 12(b)(6), M.R.Civ.P., standards must also apply in postconviction proceedings. The relationship between motions to dismiss and summary judgment motions in the traditional civil law context has no impact on our conclusion in *Ellenburg*--or our reasoning here--that the usual civil law dismissal standards do not apply in postconviction proceedings.

¶48 Herman also contends *State v. Schaff*, 2001 MT 130, 305 Mont. 427, 28 P.3d 1073, and *State v. Lawrence*, 2001 MT 299, 307 Mont. 487, 38 P.3d 809, support his position that "[p]otential postconviction claims should be resolved on the merits" and, therefore, an evidentiary hearing was required in his case prior to dismissal of his petition for failure to state a claim for relief. We disagree.

¶49 At the outset, we observe Herman's characterization of *Schaff* and *Lawrence* is far too broad. Indeed, as discussed above, the general rules regarding evidentiary hearings on postconviction claims are set forth in statutes and case law. Section 46-21-104(1)(c), MCA, clearly provides that a petition for postconviction relief must satisfy the threshold requirements set forth therein with regard to establishing the facts at issue via affidavit and/or other evidence. Allegations do not constitute the statutorily required "evidence," and where the requirement of § 46-21-104(1)(c), MCA, is not met, the petitioner is not entitled

18

to an evidentiary hearing.  *Finley*, ¶¶ 9-10.  Section 46-21-201(1)(a), MCA, just as clearly authorizes a district court to dismiss a petition for postconviction relief as a matter of law for failure to state a claim.  Moreover, under our interpretations of the postconviction statutes, a district court may dismiss a petition based solely on the files and records of the case.  *See Griffin v. State*, 2003 MT 267, ¶ 12, 317 Mont. 457, ¶ 12, 77 P.3d 545, ¶ 12 (citations omitted).

¶50    It is true that, in both *Schaff* and *Lawrence*, we remanded for evidentiary hearings; we did so, however, based on relatively unique circumstances.  In *Schaff*, the petitioner alleged on appeal--as he had in the district court--that his plea was not voluntary because counsel misled him into believing that, despite his desire for new counsel and potential entitlement to same, he was required to proceed with current counsel.  *Schaff*, ¶¶ 4, 6-9.  Denominating it a "close question," we remanded for an evidentiary hearing.  *Schaff*, ¶ 10.  Here, Herman has abandoned the passing assertion in his District Court brief that trial counsel advised him he was not entitled to new counsel by not referencing--or arguing--it on appeal.

¶51    In *Lawrence*, the petitioner claimed on appeal that, while she was aware the sentencing recommendation in her proposed plea agreement was not binding on the trial court, her counsel knew in advance that the judge was not going to follow the recommenda-tion and did not advise her.  *Lawrence*, ¶ 11.  Because a failure to fully advise a client of rights and consequences surrounding the advisability of a guilty plea might constitute ineffective assistance, we remanded for an evidentiary hearing.  *Lawrence*, ¶¶ 14-16.  Here,

Herman does not make any claim that counsel failed to fully advise him of the consequences of his guilty plea, much less the particular claim at issue in *Lawrence*. Thus, *Lawrence* has no application here.

¶52 We hold the District Court did not abuse its discretion by failing to hold an evidentiary hearing on Herman's petition.

¶53 *3. Did the sentencing court err in imposing restitution as part of Herman's sentence?*

¶54 Noting the District Court failed to address his restitution claim in dismissing his petition for postconviction relief, Herman contends the sentencing court erred in imposing restitution as part of his amended suspended sentence because § 46-18-201(5), MCA (1999), ostensibly authorizes the imposition of restitution only as part of a deferred sentence. He requests that we decide the restitution issue on the merits.

¶55 In postconviction proceedings, § 46-21-105(2), MCA, precludes consideration of a claim that reasonably could have been raised on direct appeal. A defendant who pleads guilty to an offense may challenge the legality of the sentence on direct appeal, even absent an objection at sentencing. *See, e.g.*, *State v. Erickson*, 2005 MT 276, ¶ 27, 329 Mont. 192, ¶ 27, 124 P.3d 119, ¶ 27; *State v. Eaton*, 2004 MT 283, ¶¶ 14-16, 323 Mont. 287, ¶¶ 14-16, 99 P.3d 661, ¶¶ 14-16. Herman provides no authority or argument that his sentencing claim could not have been raised on direct appeal in the same manner he raised his other sentence-related issue. Thus, we conclude § 46-21-105(2), MCA, bars Herman's sentencing claim and we decline to address it on its merits.

20

¶56    Affirmed.


                                        /S/ KARLA M. GRAY


We concur:


/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON