DA 12-0690

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 214N

MAURICE RONALD ARCHER,

       Petitioner and Appellant,

  v.

EIGHTEENTH JUDICIAL DISTRICT COURT,
HON. JOHN C. BROWN; THE STATE OF
MONTANA,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                  In and For the County of Gallatin, Cause No. DV 12-359C
                  Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Maurice Ronald Archer, self-represented; Shelby, Montana

       For Appellee:

           Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
           Assistant Attorney General; Helena, Montana

           Marty Lambert, Gallatin County Attorney, Ashley Whipple, Deputy County
           Attorney; Bozeman, Montana

                        Submitted on Briefs:  June 12, 2013
                                    Decided:  July 30, 2013

Filed:

                                  Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Maurice R. Archer (Archer) appeals the order of the Eighteenth Judicial District Court, Gallatin County, denying his petition for post-conviction relief. We affirm.

¶3 The District Court found Archer guilty of sexual intercourse without consent and incest on January 24, 2007. Archer filed an appeal of his conviction to this Court. Archer's counsel filed an *Anders* brief with this Court. We granted appellate counsel's motion to withdraw on July 2, 2008, and dismissed Archer's appeal. *State v. Archer*, Order, Mont. Sup. Ct., No. DA 07-0562.

¶4 Archer filed a petition for post-conviction relief on May 3, 2012. The District Court concluded that Archer had one year after his conviction became final to file a petition of post-conviction relief. Section 46-21-102(1)(b), MCA. Archer failed to file a petition for writ of certiorari with the United States Supreme Court. Therefore, Archer's conviction became final 90 days after this Court's denial of his appeal on July 2, 2008. Archer waited until May 3, 2012 to file his petition. The District Court denied, as time barred, Archer's petition without a hearing. Archer appeals.

¶5 On appeal, Archer first claims that the District Court improperly denied his petition as time barred. Secondly, Archer argues that the District Court should have appointed him

2

counsel and allowed for discovery so he could prove that the victim provided false testimony. Finally, Archer argues that the District Court should have held an evidentiary hearing that would allow him to enter new evidence proving his innocence.

¶6     We review a district court's denial of a petition for post-conviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Sanchez v. State,* 2012 MT 191, ¶ 12, 366 Mont. 132, 285 P.3d 540. A petition for post-conviction relief may be filed within one year of the date that the conviction becomes final. Section 46-21-102(1)(b), MCA. The District Court's determination that Archer's petition was untimely was correct.

¶7     The District Court did not abuse its discretion when it did not hold an evidentiary hearing. A district court does not have to hold an evidentiary hearing in every post-conviction proceeding. A hearing was not necessary since Archer failed to meet the exception to § 46-21-102(2), MCA, for newly discovered evidence. The evidence Archer alleges is new is evidence he had knowledge of prior to his trial.

¶8     A court may dismiss a petition for post-conviction relief as a matter of law for failure to state a claim for relief. *Herman v. State*, 2006 MT 7, ¶ 15, 330 Mont. 267, 127 P.3d 422, citing § 46-21-201(1)(a), MCA. The District Court dismissed Archer's petition as a matter of law when it determined the petition was untimely. Section 46-21-102(1)(b), MCA. Further, because Archer's petition was untimely, the District Court correctly denied Archer's request for appointed counsel.

3

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. It is manifest on the face of the briefs and the record before us that the District Court correctly applied the statutory and case law in deciding Archer's claims.

¶10 Affirmed.

/S/ MICHAEL E WHEAT

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE