FILED

09/05/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0750

DA 16-0750

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 221N

SHAWN KEVIN SMAAGE,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis And Clark, Cause No. CDV-2016-684
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Shawn Kevin Smaage (Self-Represented), Shelby, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

            Leo Gallagher, Lewis and Clark County Attorney, Jeff Sealey, Deputy
County Attorney, Helena, Montana

Submitted on Briefs:  July 26, 2017

Decided:  September 5, 2017

Filed:

                               Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Shawn Kevin Smaage (Smaage) appeals from the November 30, 2016 order of the First Judicial District Court, Lewis and Clark County, denying his petition for post-conviction relief (PCR). On August 21, 2014, Smaage pled guilty to felony driving under the influence (DUI). Subsequently, on January 22, 2015, Smaage was sentenced as a persistent felony offender to fifty years in Montana State Prison without eligibility of parole until he served twenty-five years. On December 3, 2015, Smaage filed a motion to withdraw his guilty plea. On January 5, 2016, the District Court denied Smaage's motion. Smaage did not appeal the District Court's denial of his motion to withdraw guilty plea.

¶3    On August 16, 2016, Smaage filed his PCR petition, raising numerous ineffective assistance of counsel claims based on the same issues raised in his motion to withdraw guilty plea. In November 2016, the District Court denied Smaage's petition as untimely because it was filed more than one year after his conviction became final. The court also found that Smaage's newly discovered evidence claim failed under § 46-21-102(2), MCA. Smaage now appeals the District Court's denial of his PCR petition.

2

¶4    We review a district court's denial of a petition for post-conviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Wilkes v. State*, 2015 MT 243, ¶ 9, 380 Mont. 388, 355 P.3d 755. A district court may dismiss a petition for post-conviction relief as a matter of law, and we review a court's conclusions of law for correctness. *Herman v. State*, 2006 MT 7, ¶ 13, 330 Mont. 267, 127 P.3d 422.

¶5    Section 46-21-102(1), MCA, provides that a PCR petition must be filed within one year of the date that the conviction becomes final. A conviction becomes final when the time for appeal to the Montana Supreme Court expires. Section 46-21-102(1)(a), MCA. Under M. R. App. P. 4(5)(b)(i), an appeal from a judgment must be brought within sixty days after entry of the judgment. Section 46-21-102(2), MCA, provides an exception to the one-year time limit of § 46-21-102(1), MCA:

> A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

Section 46-21-102(2), MCA; *see Marble v. State*, 2015 MT 242, ¶ 36, 380 Mont. 366, 355 P.3d 742; *Wilkes v. State*, 2015 MT 243, ¶ 15, 380 Mont. 388, 355 P.3d 755.

¶6    In this case, Smaage's sentence was imposed on January 22, 2015. Smaage had sixty days from that date to file an appeal to this Court. He did not appeal. His time for appeal expired in March 2015, and his conviction was then final for purposes of § 46-21-102(1), MCA. Therefore, pursuant to the one-year limitation period Smaage had

3

until March 2016 to file his PCR petition. Thus, because Smaage did not file his PCR petition until August 2016, the petition is time barred under § 46-21-102(1), MCA.

¶7 Smaage asserts that he is entitled to invoke the exception to the one-year time limit because his guilty plea was induced by misinformation provided to him by his attorney. Smaage claims he was not aware of this misinformation until he discovered new evidence. This new evidence was the relevant DUI statute, this Court's decision in *State v. Chase*,[1] and that his friend was the one driving the vehicle. Smaage asserts that his discovery of the relevant DUI statute and our decision in *Chase* qualifies as "newly discovered evidence." Montana Code Annotated defines evidence as "the means of ascertaining in a judicial proceeding the truth respecting a question of fact, including but not limited to witness testimony, writings, physical objects or other things presented to the senses." Section 26-1-101(2), MCA. The relevant statute and case law do not qualify as evidence and therefore cannot be considered "newly discovered evidence" for purposes of § 46-21-102(2), MCA.

¶8 Additionally, Smaage's "newly discovered evidence" that his friend was driving the vehicle does not meet the timeliness standard. In his motion to withdraw guilty plea, Smaage asserted the argument that his friend was the one who drove the vehicle on the public byways. Smaage cannot now allege that this evidence is new because he had knowledge of this fact as early as December 2015. Thus, Smaage's "newly discovered evidence" fails to meet the exception under § 46-21-102(2), MCA, because Smaage was clearly aware of this new evidence prior to the one-year limitation period for filing a PCR

---

[1] *State v. Chase*, 2006 MT 13, 331 Mont. 1, 127 P.3d 1038.

petition. Further, none of this alleged new evidence, even if proven, would establish that Smaage did not engage in the criminal conduct for which he pled guilty. As such, we conclude that the District Court did not err in dismissing Smaage's PCR petition as untimely.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law was correct.

¶10 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR