FILED

06/23/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0066

DA 19-0066

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 165N

MICHELLE C. GABLE,

   Petitioner and Appellant,

  v.

STATE OF MONTANA,

   Respondent and Appellee.

APPEAL FROM: District Court of the First Judicial District,
       In and For the County of Lewis and Clark, Cause No. CDV-2016-836
       Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Penelope S. Strong, Attorney at Law, Billings, Montana

   For Appellee:

     Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
     Assistant Attorney General, Helena, Montana

     Leo Gallagher, Lewis and Clark County Attorney, Melissa Brock,
     Deputy County Attorney, Helena, Montana

         Submitted on Briefs: April 8, 2020

           Decided: June 23, 2020

Filed:

        _____
             Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Michelle C. Gable (Gable) appeals a November 27, 2018 order from the First Judicial District Court, Lewis and Clark County, denying her petition for postconviction relief without permitting additional discovery or an evidentiary hearing. Specifically, Gable appeals the District Court's finding that her defense attorneys' behavior prior to her conviction did not constitute ineffective assistance of counsel (IAC). Gable also appeals the District Court's failure to rule on her request for a modified *Gillham* order. We affirm.

¶3 On October 13, 2011, Gable shot and killed both her estranged husband, Joseph Gable, and Sunday Bennet. Randi Hood (Hood) and J. Thomas Bartleson (Bartleson) were appointed as Gable's trial attorneys. Both are veteran trial attorneys with extensive experience among them. Upon assuming her defense, Gable's attorneys filed notice of the affirmative defense of justifiable use of force (JUOF). Gable proceeded with this JUOF defense at trial. Her jury trial was held from January 7-16, 2013. The jury found Gable guilty on two counts of deliberate homicide.

2

On March 1, 2013, Gable was sentenced to two consecutive 100-year sentences, plus restitution.

¶4 Following sentencing, Gable filed an unsuccessful appeal of issues related to her restitution payments. On July 14, 2015, this Court affirmed the restitution ordered by the District Court in *State v. Gable*, 2015 MT 200, 380 Mont. 101, 354 P.3d 566. One of the issues raised in the 2015 appeal challenged the accuracy of the calculated costs of court-appointed counsel due to the Office of the Public Defender's (OPD) failure to itemize hours and expenses. This Court did not consider that issue in 2015 and ruled that the matter was not preserved for appeal due to Gable's failure to sufficiently object to the matter during her sentencing hearing.

¶5 On October 11, 2016, Gable filed a verified petition for postconviction relief with the District Court, along with an affidavit in support. Gable asserted four counts of IAC against Hood and Bartleson for actions taken pretrial, during trial, and at sentencing, along with an assertion of cumulative error. The four counts alleged in Gable's petition can be further divided into seven individual IAC subclaims: (1) that Hood and Bartleson failed to effectively investigate and properly advise her on the viability of the JUOF defense used at trial; (2) that her attorneys failed to effectively advise her pretrial about the availability of the lesser included offense of mitigated deliberate homicide under § 45-5-103, MCA; (3) that her trial attorneys' decision to present a JUOF defense at trial constituted a "serious strategic error"; (4) that her attorneys' acted unreasonably by failing to present the alternative defense of mitigated deliberate homicide at trial; (5) that

3

her counsel failed to object to the lack of itemized costs of court-appointed counsel at sentencing, thereby failing to preserve this argument for her 2015 appeal; (6) that her attorneys failed "to object to the inclusion of damaging confidential psychological evaluations" in her sentencing determination; and (7) that each of the aforementioned subclaims "constitute[d] cumulative error in this case."

¶6 On June 28, 2017, the District Court granted the State's motion for a standard *Gillham* order, permitting Hood and Bartleson to respond to Gable's IAC allegations. Although Gable did not object to the motion requesting a *Gillham* order, on June 30, 2017, Gable filed a motion requesting that the District Court modify the order to prohibit the State from communicating with Hood and Bartleson about their representation of Gable, "unless that communication is expressly consented [to] by Mrs. Gable or unless this Court enters an order permitting that communications take place in a court-supervised proceeding, such as a deposition or a hearing." The District Court did not rule on Gable's requested modification. Hood and Bartleson filed affidavits on November 30, 2017, and January 16, 2018, respectively, which directly contested the aforementioned IAC claims in Gable's petition.

¶7 On November 27, 2018, the District Court dismissed Gable's petition. The District Court refused to address the merits of her cumulative error claim as Gable's petition merely stated the existence of this claim without providing "any legal or factual authority or support." In addressing the merits of the remaining six IAC claims, the District Court found Hood and Bartleson's affidavits to be credible while noting that the

4

trial record contradicted much of Gable's affidavit. As a result, the District Court dismissed each of Gable's remaining IAC claims as a matter of law and held that her petition failed to state a claim for relief.

¶8 On January 28, 2019, Gable filed an appeal of the District Court's denial of her petition. Gable's brief before this Court alleges that the District Court erred in its: (1) dismissal of her IAC claims without further discovery or an evidentiary hearing; and (2) failure to rule on her request for a modified *Gillham* order. Regarding her IAC allegations, Gable argues on appeal that "[a]ny credibility conflicts between her recollection and that of her former counsel merit[s] either further discovery or an evidentiary hearing," which she was denied by the District Court.

¶9 The specific IAC allegations raised in Gable's appeal do not directly correspond to the seven prior IAC claims raised in Gable's District Court petition for postconviction relief. Gable's appeal was vague in its articulation of which specific District Court IAC rulings she wished to dispute. Nevertheless, an exhaustive review of the record reveals four separate IAC claims raised by Gable in her appeal.

¶10 First, Gable contends on appeal that she was not properly advised by her counsel about the lesser included offense of mitigated deliberate homicide as an alternative to her JUOF claim, and that the District Court erred in holding this action did not constitute IAC. Second, Gable challenges the District Court's holding that her attorneys' failure to object to the non-itemized list of costs utilized by the District Court in awarding restitution did not constitute IAC. Next, Gable's appeal alleges that her counsel

5

imprudently failed to file a motion at sentencing to continue the sentencing hearing, prejudicing her eventual sentencing result. Lastly, Gable contends that her counsel improperly failed to object to the inclusion of damaging evidence illegitimately sourced from her diary, which revealed key information about how Gable obtained the murder weapons and subsequently prejudiced Gable at trial. Notably, the latter two issues were not raised or developed by Gable in her petition for postconviction relief before the District Court.

¶11 Under § 46-21-105(1)(a), MCA, "All grounds for relief claimed by a [postconviction relief] petitioner under § 46-21-101 must be raised in the original or amended original petition." Accordingly, in appeals of postconviction proceedings, this Court will address only those claims substantively argued on appeal which were also submitted to the District Court. *See State v. Akers*, 2017 MT 311, ¶ 10, 389 Mont. 531, 408 P.3d 142 ("[A]n appellate court does not address issues raised for the first time on appeal."); *see also Herman v. State*, 2006 MT 7, ¶ 22, 330 Mont. 267, 127 P.3d 422 ("We do not consider unsupported arguments . . . on appeal"). Of the four IAC arguments identified in Gable's appeal, her contentions that her attorneys failed to file a motion to continue her sentencing hearing and failed to object to the use of information sourced from her diary were not substantively argued or addressed in her petition before the District Court. As a result, this Court will only address the merits of Gable's other two IAC claims.

6

¶12　This Court reviews discretionary rulings in postconviction proceedings, including rulings on whether to hold an evidentiary hearing, for an abuse of discretion. *Sartain v. State*, 2012 MT 164, ¶ 43, 365 Mont. 483, 285 P.3d 407. IAC claims, however, are mixed questions of law and fact which this Court reviews *de novo*. *State v. Turner*, 2000 MT 270, ¶ 47, 302 Mont. 69, 12 P.3d 934; *Herman*, ¶ 18. When considering IAC claims on direct appeal of postconviction proceedings, Montana applies the two-pronged *Strickland* test as set forth by the United States Supreme Court. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *see also State v. Kougl*, 2004 MT 243, ¶ 11, 323 Mont. 6, 97 P.3d 1095 (applying *Strickland's* two-pronged test to IAC allegations in a petition for postconviction relief). Under *Strickland*, a client must first demonstrate that her counsel's actions were "deficient or fell below an objective standard of reasonableness." *Kougl*, ¶ 11 (citations omitted). This first prong carries a strong presumption in favor of the State, as counsel is allowed wide latitude in deciding what tactics she should, and should not, employ in defending her client. *See State v. Jefferson*, 2003 MT 90, ¶ 48, 315 Mont. 146, 69 P.3d 641. Under the second prong of *Strickland*, a client must "establish prejudice by demonstrating that there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Kougl*, ¶ 11 (citations omitted).

¶13　In the first of Gable's two reviewable IAC arguments, Gable alleges her attorneys failed to adequately explain to her the availability of mitigated deliberate homicide as an

alternative to the JUOF defense used at trial. Gable argues that this constituted an unreasonable action which unfairly prejudiced her, as Gable would have been assured a much more lenient sentencing outcome had she instead been convicted of mitigated deliberate homicide. However, the District Court noted that Gable's statements in her petition supporting this theory constituted only "bald assertions," directly contradicted by Gable's previous statements from the trial record in which she adamantly asserted that her desired defense was JUOF. On the other hand, Hood and Bartleson were very clear in their affidavits that they did in fact discuss the lesser included offense of mitigated deliberate homicide with Gable, and that Gable was not interested in pursuing this defense. The District Court also noted Gable's handwritten rejection of a plea offer of mitigated deliberate homicide on December 4, 2012. Gable's appeal fails to effectively combat these key facts from the record. In light of this evidence, Hood and Bartleson clearly communicated with Gable about mitigated deliberate homicide, and their decision to defer to Gable's strong desire to assert a JUOF defense was reasonable. Thus, Gable's allegation fails to meet the first prong of the *Strickland* test, and the District Court was not in err by finding no IAC in this regard.

¶14 Gable's second reviewable claim alleges that her attorneys' failure to object to a total, non-itemized amount of costs for her defense amounts to IAC. Gable claims that this action was objectively unreasonable and prejudicial because, had her attorneys objected to this issue at sentencing, it would have properly been preserved for her 2015 appeal. However, the District Court noted that Hood's affidavit explained that the

8

defense costs provided by the OPD at the sentencing hearing were lower than the actual costs for her time. Thus, the District Court correctly ruled that Hood's decision not to object to the failure to itemize hours and expenses at sentencing was neither unreasonable nor prejudicial to Gable under a *Strickland* analysis, as this was a perfectly reasonable move that saved her client money, rather than prejudicing Gable in any way.

¶15    Thus, neither of Gable's reviewable claims on appeal about the deficiencies in her trial representation are supported by the evidence before this Court, and both claims were correctly dismissed on the merits by the District Court. For these same reasons, the District Court did not abuse its discretion by declining to order an evidentiary hearing or to permit additional discovery allowing Gable to supplement her spurious allegations.

¶16    Last, Gable argues that the District Court abused its discretion by failing to rule on her motion for a modified *Gillham* order, in which Gable sought to prohibit the State from communicating with Hood and Bartleson regarding their representation of Gable without Gable's prior consent or without the prior authorization of the District Court in a court-supervised proceeding. Specifically, Gable asserts that ABA Formal Opinion 10-456 (Opinion 10-456) provides a basis for her modification request. ABA Standing Comm. On Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010).

¶17    However, as the State noted in its brief, Gable misconstrues the applicability of Opinion 10-456, which prohibits ex parte, voluntary disclosure of privileged attorney-client information without the client's consent "outside court-supervised proceedings" or "prior to a court-supervised response by way of testimony or otherwise."

Opinion 10-456, at 4-5. Under Montana's *Gillham* procedure, where a petitioner seeks postconviction relief on IAC grounds, the court issues an order preserving the responding attorney from charges of discipline or malpractice for revealing potentially confidential information about the petitioner, their former client. The responding attorney is thereby free to supply the State with affidavits discussing client representation in response to the postconviction relief sought. *In re Gillham*, 216 Mont. 279, 704 P.2d 1019 (1985). Thus, disclosures of client information permitted by *Gillham* occur entirely within the court-supervised confines of the postconviction proceeding brought by the petitioner. Moreover, Hood and Bartleson's ability to reasonably disclose confidential client information in response "to allegations in any proceeding concerning the lawyer's representation of the client" is expressly permitted by Rule 1.6(b)(5) of both the Montana and ABA Rules of Professional Conduct. M. R. Pro. Cond. 1.6(b)(5); *see also* ABA Model Rules of Prof'l Conduct 1.6(b)(5). Thus, the District Court did not err by refusing to modify a *Gillham* procedure to which Hood and Bartleson were entitled.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶19 Affirmed.

/S/ LAURIE McKINNON

10

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE