FILED

04/09/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0237

DA 23-0237

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 79N

NICK LENIER WILSON,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:   District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV-22-451
Honorable Jennifer B. Lint, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Nick Lenier Wilson, Self-Represented, Victor, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Brad Fjeldheim,
Assistant Attorney General, Helena, Montana

William Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  February 21, 2024

Decided:  April 9, 2024

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Nick Lenier Wilson appeals the order of the Twenty-First Judicial District Court, Ravalli County, denying his petition for postconviction relief without requiring a hearing or response from the State. We affirm.

¶3 A jury convicted Wilson of burglary and theft. The District Court sentenced him to the Montana State Prison for a term of twenty years with none suspended. Wilson appealed to this Court on three issues regarding the admission and exclusion of witness testimony; we affirmed. *See State v. Wilson*, 2022 MT 11, 407 Mont. 225, 502 P.3d 679. Wilson timely filed a pro se postconviction relief petition that raised four claims: (1) procedural error; (2) ineffective assistance of trial counsel; (3) failure of the prosecutor to disclose material evidence; and (4) ineffective assistance of appellate counsel. The District Court determined that the petition, files, and records of the case conclusively showed that Wilson was not entitled to relief, and therefore no responsive pleading by the county attorney or Wilson's former defense counsel was required.

¶4 Wilson first claimed procedural error at trial, alleging the State improperly omitted the elements of the burglary offense in the jury instructions. The District Court held that

2

Wilson's allegation of procedural error was barred because his claim was record-based and reasonably could have been raised in his appeal.

¶5     Wilson next alleged ineffective assistance of trial counsel, stating that his trial counsel was absent and did not represent him for the first five months of the proceedings. The court also found these claims barred because they were not raised in Wilson's appeal. The court further found that the record contradicted Wilson's allegations, demonstrating that Wilson's trial counsel was present at Wilson's initial appearance, requested discovery, attended a conference with the State on Wilson's behalf, and made bail reduction requests before the assignment of new counsel.

¶6     Wilson's third contention was that the State failed to disclose witness collusion.  The District Court found that, "[w]hile Petitioner alleges he discovered this information in January 2022, this very issue was the subject of a pretrial Motion in Limine . . . ."  Wilson's attorney raised the issue with the District Court, with Wilson present, at pretrial hearings discussing the issue on December 13, 2018, and January 29, 2019.  Therefore, the court determined, Wilson had notice of this issue and reasonably could have raised it on appeal.

¶7     Wilson's final contention was that his appellate counsel "kept the Petitioner in the dark about what issues would be appealed," failed to provide him a complete case file, and did not raise the issue of ineffective assistance of trial counsel, despite Wilson's wishes. The District Court determined that, "[Wilson] has not been specific enough to identify all facts supporting the grounds for relief and, apart from his own affidavit, has not attached

3

affidavits, records, or other evidence establishing the existence of those facts as required by § 46-21-104(1)(c), MCA."

¶8 Wilson argues on appeal that the District Court abused its discretion when it denied his petition without a hearing. The State responds that Wilson's first and third contentions in his petition regarding the burglary instruction and witness collusion are procedurally barred because they could have been raised on appeal. If not procedurally barred, the State argues, Wilson's petition was rightly dismissed because Wilson did not provide facts supporting his allegations—rather, the record refutes Wilson's allegations. Regarding Wilson's ineffective assistance of counsel claims, the State asserts that Wilson failed to show ineffective assistance or prejudice and did not provide the court with anything more than conclusory or self-serving statements.

¶9 "A district court may dismiss a petition for postconviction relief as a matter of law, and we review a court's conclusions of law for correctness." *Herman v. State*, 2006 MT 7, ¶ 13, 330 Mont. 267, 127 P.3d 422 (citation omitted). "We review a court's decision regarding whether to hold an evidentiary hearing in a postconviction proceeding for abuse of discretion." *Herman*, ¶ 13 (citation omitted).

¶10 A petition for postconviction relief must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA. "A court may dismiss a petition for postconviction relief without holding an evidentiary hearing if the procedural threshold set forth in § 46-21-104(1)(c), MCA, is not satisfied." *Herman*, ¶ 15

4

(citation omitted). Further, a district court may dismiss a petition for postconviction relief without ordering a response from the State if the petition, files, and records of the case "conclusively show that the petitioner is not entitled to relief." Section 46-21-201(1)(a), MCA. "When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in [a postconviction proceeding]." Section 46-21-105(2), MCA.

¶11    To establish an ineffective assistance of counsel (IAC) claim, a defendant must prove both (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense. *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). A claimant must prove both elements to obtain relief; thus, if a claimant fails to make a sufficient showing regarding one, we need not address the other. *Whitlow*, ¶ 11 (citing *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069).

¶12    We agree with the District Court's denial of Wilson's petition for postconviction relief because each of Wilson's claims except ineffective assistance of appellate counsel (IAAC) could have been raised on direct appeal, and they are therefore barred by § 46-21-105(2), MCA.[1]  Wilson's primary contention in support of his IAAC claim is

---

[1] Wilson states that the District Court "affirms Wilson's claim of ineffective assistance of counsel by stating the issues [he] raised in [his] petition could have been brought up in the appeal." Wilson misinterprets the court's ruling, which is not an endorsement that Wilson's IAC claims have merit, but a legal conclusion that he cannot bring the claims now because he did not raise them in his appeal.

appellate counsel's refusal to raise trial IAC claims on direct appeal. Our review of the record leads us to conclude that Wilson has not shown that trial counsel's performance was deficient or that he was prejudiced by trial counsel's deficient performance. *Whitlow*, ¶ 11. Wilson's trial counsel attended Wilson's initial appearance and omnibus hearings, filed a discovery request, moved for a bail reduction, and attended a settlement conference with the State. His counsel further acted on Wilson's contention regarding witness collusion in a motion in limine that was briefed and argued before the District Court. Thus, appellate counsel likely would not have succeeded on any record-based IAC claims and did not perform deficiently by failing to raise them. "It is well established . . . that appellate counsel need not raise every colorable issue on appeal." *Rose v. State*, 2013 MT 161, ¶ 28, 370 Mont. 398, 304 P.3d 387 (citations omitted). Wilson's appellate counsel raised three colorable evidentiary issues on appeal rather than pursue IAC claims. The court appropriately exercised its discretion to deny Wilson an evidentiary hearing or require a response from the State because the petition, files, and records of the case conclusively showed Wilson was not entitled to postconviction relief. Section 46-21-201(1)(a), MCA.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The judgment of the District Court is affirmed.


/S/ BETH BAKER

6

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON